**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roman CASEY, aka Melvin Ward,**
**Defendant-Appellant.**

No. 72–3693
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

June 12, 1973.

Rehearing Denied July 17, 1973.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

Brooks Taylor, Crestview, Fla., for defendant-appellant.

William J. Schloth, U. S. Atty., J. Reese Franklin, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Roman Casey was indicted and convicted for conspiring to defraud and obtain property from certain pecan growers in a multi-state area. The sole issue on this appeal is whether or not the district court erred in refusing to grant Roman Casey's motion for a continuance.

Casey was indicted on July 25, 1972. Arraignment was set for November 2, 1972, at which time Casey appeared with his retained counsel, a Mr. Thompson, and entered a plea of not guilty. The trial was set for November 27th and all parties were timely notified.

On the day of trial Mr. Casey employed an attorney for the sole and limited purpose of entering a motion for a continuance. The motion was denied and Mr. Casey proceeded to trial acting as his own counsel. It was admitted that Mr. Thompson, who had originally appeared with Casey, had given him notification that he would not be serving as his counsel on or about November 7, being at least twenty days before trial.

The facts of a particular case determine whether or not the denial of a request for continuance to obtain counsel is a violation of a person's Sixth Amendment guarantee. Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed. 2d 921 (1964).

We agree with the lower court that Casey had a reasonable time to procure counsel and was financially able to do so. His failure to retain an attorney was properly treated by the court as a waiver of his right to counsel. The freedom to choose one's counsel may not be used as a device to manipulate or subvert the orderly procedure of the courts or the fair administration of justice. United States v. Terry, 449 F.2d 727 (5th Cir. 1971), and cases cited therein; United States v. Sexton, 473 F.2d 512 (5th Cir. 1973). The grant of a continuance is a question vested in the discretion of the district court, United States v. Hollis, 450 F.2d 1207 (5th Cir. 1971). In the instant case the district court has not abused its discretion.

The judgment of the district court is affirmed.