Roy A. **GREEN**, Petitioner,

v.

**STATE** of Alaska, Respondent.

No. 2649.

Supreme Court of Alaska.

Jan. 19, 1976.

---

Edgar Paul Boyko and Paul L. Davis, of Edgar Paul Boyko & Assoc., Anchorage, Jonathan H. Link of Johnson, Christenson, Shamberg & Link, Inc., Fairbanks, for petitioner.

Harry L. Davis, Dist. Atty, Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for respondent.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

OPINION

BURKE, Justice.

This matter is before us on a petition for review. The petition was filed following the superior court's entry of an order denying petitioner's motion for a continuance of his trial on criminal charges.

On June 17, 1975, a Fairbanks grand jury returned an indictment charging petitioner, Roy A. Green, with the crime of assault with a dangerous weapon.[1] At that time he was represented by the firm of Johnson, Christenson, Shamberg and Link, Inc., under a prepaid legal services plan of the Teamsters' Union.[2] Members of that firm had already appeared on his behalf for preliminary proceedings in the district court, prior to the return of the indictment.

On June 30, 1975, petitioner appeared with attorney Jonathan Link in superior court where a trial date was set. Trial was ordered to commence on September 8, 1975, and an omnibus hearing was set for August 8, 1975.

In July the firm of Edgar Paul Boyko and Associates entered into a contract with the Teamsters' Union, agreeing to represent beneficiaries of the union's prepaid legal services program. The contract was made with the understanding that Edgar Paul Boyko would personally try the cases referred to his firm, except when the accused consented to have his case handled by other counsel.

Pursuant to the contract, petitioner's case was referred to Edgar Paul Boyko and Associates on or about July 23, 1975. The firm filed an appearance on his behalf on August 1, 1975. Johnson, Christenson, Shamberg and Link, Inc., never applied for leave to withdraw and the firm continues to appear as co-counsel of record.

Paul L. Davis of the Boyko firm was assigned to do the preliminary work on the case, but petitioner requested that Mr. Boyko represent him at trial.

---

1. AS 11.15.220.

2. Petitioner is a member of the Teamsters' Union.

On August 8, 1975, Mr. Davis appeared with petitioner for the omnibus hearing. Mr. Davis' first contact with petitioner occurred on the day prior to the hearing. Due to a failure to establish prior communication with his client, Mr. Davis was unable to offer any meaningful assistance at the hearing and made a motion for a continuance of petitioner's trial and omnibus hearing. The omnibus hearing was set before the Honorable Gerald J. Van Hoomissen who had previously been disqualified from participation in the case. Judge Van Hoomissen declined to make any ruling on the motion for continuance and referred the matter to the Honorable James R. Blair, advising Mr. Davis to present his motion to Judge Blair.

On August 14, 1975, petitioner filed a formal motion for continuance supported by a memorandum and affidavit. Opposition to the motion was filed by respondent State of Alaska on August 20, 1975. A hearing was held on August 28, 1975, by Judge Blair, and an order denying the motion was entered on September 4, 1975.

The bases for the motion were lack of preparation and Edgar Paul Boyko's inability to appear with petitioner at the time of his trial. According to an affidavit filed by Mr. Boyko, on the day of the hearing, previous state and federal court commitments in San Diego, where he maintains a second law practice, required him to be in California during September and October. The affidavit further stated that even after his return to Alaska in late October there were additional cases, all of which had been pending longer than that of petitioner, which would prevent his trying petitioner's case until early November, 1975. The state's opposition to the motion was based on its assertions, by affi-

davit, that if a continuance were granted the state might not be able to secure the presence of certain key witnesses. The state alleged, *inter alia,* that the key prosecution witness had received threats against her life if she testified against petitioner, and that in earlier cases against petitioner witnesses had either disappeared or could not be produced due to the state's inability to serve them with process.

In denying the motion the superior court found that Mr. Link was available for trial on September 8, 1975; that the state had shown valid reasons for opposing a continuance; and that the decisions of this court in *McKinnon v. State* [3] and *Klockenbrink v. State* [4] were inapplicable to the case at bar.

▌ The decision to grant or deny a continuance is a matter within the sound discretion of the trial court, and in the absence of an abuse of discretion this court will not interfere with its judgment.[5] Petitioner contends on two grounds that the superior court abused its discretion: first, by depriving him of his right to be represented at trial by counsel of his own choice; and, second, by effectively denying petitioner adequate time to prepare his defense where problems beyond his control had thwarted his ability to communicate with counsel.[6]

I.

In support of his contention that he was deprived of counsel of his choice, petitioner relies on *Klockenbrink v. State* and *McKinnon v. State,* cited above.

In *Klockenbrink,* Wendell P. Kay, the defendants' attorney, had a previous court commitment that prevented him from appearing at the defendants' trial on August 6, 1968. The defendants were arraigned

3. 526 P.2d 18 (Alaska 1974).

4. 472 P.2d 958 (Alaska 1970).

5. *Spight v. State,* 450 P.2d 157, 159 (Alaska 1969).

6. Shortly before the time set for petitioner's trial, Mr. Link became involved in other liti-

gation that would have made it difficult for him to appear with petitioner on September 8, 1975. Judge Blair refused to reconsider the matter of a continuance based on this change of circumstances. The propriety of such action is not before us, as that issue was not raised by the petition for review.

on a commercial fishing charge on July 29, 1968, and trial was set for August 6th. On August 2, 1968, Mr. Kay informed the district court that he would be unable to appear on August 6th and requested a continuance. The district court denied his request for the reason that certain witnesses for the prosecution would be out of state at a later time. The parties considered deposing the crucial state's witnesses and at one point had apparently agreed to continue the trial of the case until August 19th when Mr. Kay could be available. However, when the court ruled that the defendants' fishing boat would remain under seizure until the trial, Mr. Kay indicated that he would have to withdraw from the case rather than allow his clients to suffer the loss that would result from the seizure, since these events occurred at the height of the salmon season. The district court then decided that the trial should begin on August 6th, as originally planned.

Mr. Kay was permitted to withdraw and the defendants obtained the services of another attorney, Mr. Brundin. The court granted defendants' request for a one day continuance. On August 7th Mr. Brundin moved for a further continuance on the grounds that he needed more time to prepare. The motion was denied.

We held that the district court's refusal to grant a continuance was an abuse of discretion, saying:

> It is unquestionable that the right to the assistance of counsel of necessity includes the concomitant right to have a reasonable time in which to prepare for trial. *Brooks v. State,* 176 So.2d 116 (Fla.App.1965). Furthermore, the mere fact that the state's witnesses would be out of the state at a later time does not persuade us of the correctness of the trial court's denial of the continuance.
>
> . . .
>
> Even if a denial of adequate time to prepare a defense were alone insufficient to constitute an abuse of discretion, necessitating the granting of a new trial, appellants urge upon us and we find merit in the argument that they were also denied the right to have counsel of their choice represent them at trial.

Appellants originally sought representation by Mr. Kay. When it was learned that the trial court would not allow the release of the [vessel] Norman J., Mr. Kay, desirous of proceeding as quickly as possible so that the boat could be released for the fishing season, declined to defend appellants because he had a conflicting court schedule. While it will not always be the case that a continuance should be granted to afford an accused the opportunity to secure counsel of his choice, we believe that the trial court should have granted the motion for continuance in the present case.[7]

We believe that *Klockenbrink* is readily distinguishable from the present case. There the attorney requesting the continuance had been retained by the defendants shortly after their arraignment on July 29, 1968. When their trial date was set the following day, the defendants informed the court that they would be represented by Mr. Kay and that there might be some difficulty in his preparing for trial on such short notice. The continuance requested was relatively short in duration, as Mr. Kay indicated he could be present on August 19th. After the trial court allowed the withdrawal of Mr. Kay and the substitution of Mr. Brundin, the defendants were left with a new attorney who had not had sufficient time to familiarize himself with the facts of the case. Mr. Kay, except for the conflict in his trial calendar, was prepared to go to trial.

Here, the continuance requested meant a delay of approximately two months. Mr. Boyko was apparently quite unprepared to try the case, indicating in his affidavit that he was busy with other cases both in Alaska and California. By requiring petitioner to go to trial with Mr. Link, the court did

7. 472 P.2d at 965 (footnote omitted).

not force him to accept new counsel who was totally unfamiliar with the case. Mr. Link and his firm had already represented petitioner for several months and his trial date had been set well before Edgar Paul Boyko and Associates also appeared on his behalf.[8]

In *McKinnon* the superior court removed an attorney as defendant's counsel, over the defendant's objection, and appointed new counsel to represent him. The removal occurred when a motion was made, on the day of trial, for an evidentiary hearing to determine whether a police informant had unconstitutionally invaded the attorney-client relationship between the defendant and his first attorney, by being privy to confidential communications between the two or by inspecting the defendant's file at the Alaska Public Defender Agency's office. Both the informant and the defendant had been clients of the agency. The district attorney charged that counsel had known the material facts upon which the motion was based as long as a month prior to trial. The trial judge, accepting the district attorney's version of the facts, removed counsel from the case in the belief that his conduct amounted to an example of inexcusable lack of preparation.

We held that the removal of counsel was an abuse of discretion, saying:

> Once counsel has been appointed, and the defendant has reposed his trust and confidence in the attorney assigned to represent him, the trial judge may not, consistent with the United States and Alaska constitutions, rend that relationship by dismissing the originally appointed attorney and then thrusting unfamiliar and unwelcome counsel upon the defendant. The attorney-client relationship, once established, is inviolate, and may not be severed or otherwise intruded upon.[9]

Again, we believe *McKinnon* is readily distinguishable from the case at bar. Mr. Boyko, unlike McKinnon's attorney, was not ready and willing to proceed with the representation of his client on the day set for trial. Moreover, his participation up until the time the motion for continuance was denied was casual at best, having been conducted entirely through his associate Paul L. Davis. The record fails to disclose that he had any personal contact with petitioner.

It appears that Mr. Boyko's representation of petitioner grew entirely out of a contract between Mr. Boyko and petitioner's union. There is no indication of any desire on the part of petitioner to seek his services independently prior to the execution of that contract, nor is there any indication that petitioner was ever dissatisfied with the representation he was receiving at the hands of Johnson, Christenson, Shamberg and Link, Inc.; at most, he merely preferred to have Mr. Boyko try his case.

■ Given the circumstances of this case we believe that the trial court did not abuse its discretion by requiring petitioner to proceed to trial without the services of Mr. Boyko.

## II.

Petitioner's second contention, that he was denied adequate time to prepare his defense, is likewise without merit.

Petitioner's alleged inability to prepare is attributed to "well known problems of communication between the cities of Anchorage and Fairbanks", *i. e.*, difficulty in establishing telephone communications. Apparently because petitioner was working somewhere in the bush, he could not be contacted by his attorneys, Mr. Link and Mr. Davis, until he arrived in Fairbanks an hour or so before he was to appear for his omnibus hearing. There is no indication that petitioner made any effort to contact either attorney before that time, nor is

---

8. *See Burleson v. State*, 543 P.2d 1195 (Alaska 1975), Op. No. 1222.

9. 526 P.2d at 22–23.

there any evidence that he had any real interest in doing so.

Because of such lack of communication petitioner claims that he was unable to raise several issues at his omnibus hearing, including matters relating to discovery, the names of the state's witnesses, and whether he would be allowed to assert a defense of insanity. The record fails to provide us with any details concerning such matters.

Petitioner concedes that considerable time had passed since his arrest and indictment, and candidly admits that he may not have fully appreciated his own responsibility to prepare for trial. However, he argues, the state failed to demonstrate any substantial reason for a denial of his request for a continuance. We disagree.

While blind adherence to the requirements of court calendaring should never be used as an excuse to deny one accused of a serious crime the fundamental right to organize his defense, there is a compelling public interest in the prompt and orderly disposition of such matters.[10] In the instant case, petitioner has failed to show any legitimate reason for further delay.

Petitioner's trial date had been set for nearly two months when his motion for a continuance was denied. Given that fact and the period of time between his arrest and the date of his trial, we believe that petitioner had more than adequate time to prepare his defense. Moreover, given the record in this case, we can perceive no legitimate reason why an attorney in the position of Mr. Link would be unprepared to defend his client. The case involves a relatively simple charge and there is no indication of any peculiar or complex issues. Even the most thorough preparation, under these circumstances, should require a minimum of time and effort.

Finding no abuse of discretion, we affirm the superior court's denial of petitioner's motion for a continuance and remand the case to the superior court for trial.[11] In passing, we note with approval the practice of setting a firm trial date early in the proceedings, far enough in the future to enable both parties to adequately prepare yet soon enough to encourage confidence on the part of all concerned that such matters will be accorded the prompt attention that they deserve. We also approve of the practice of granting continuances, in such matters, *only when the request for such is supported by evidence showing good and sufficient cause, and then only for such time as may be required in the interest of justice.*[12] All pretrial motions should be made sufficiently in advance so as not to delay the commencement of trial. Only rarely should the trial date be continued because of the party's failure to accomplish such before trial.

Affirmed and remanded.

10. As Warren E. Burger, Chief Justice of the Supreme Court of the United States, stated in an address to the 1970 annual meeting of the American Bar Association, reported in 56 A.B.A.J. 929, 932 (1975):
Efficiency must never be the controlling test of criminal justice, but the work of the courts can be efficient without jeopardizing basic safeguards. Indeed the delays in trials are often one of the gravest threats to individual rights. Both the accused and the public are entitled to a prompt trial.
*See Burleson v. State,* 543 P.2d 1195 (Alaska 1975), Op. No. 1222.

11. In order to avoid the added delay required for the preparation of this opinion, immediately after reaching our decision to affirm we entered an order remanding this matter to the superior court for trial. *See Peterkin v. State,* 543 P.2d 418 (Alaska 1975), Op. No. 1209.

12. The same standard should apply even in those cases where the motion for a continuance is unopposed or has been agreed to by stipulation, and whether the state or the defendant is the moving party.