Lewis C. LEDBETTER, Appellant,

v.

STATE of Alaska, Appellee.

No. 3500.

Supreme Court of Alaska.

August 4, 1978.

Phillip P. Weidner of Drathman, Weidner & Bryson, Anchorage, for appellant.

Thomas B. Turnbull, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and MATTHEWS, Justices and DIMOND, Justice Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

After a trial by the district court, without a jury, Lewis Ledbetter was convicted of the offense of driving a motor vehicle while under the influence of intoxicating liquor.[1] He was sentenced to jail for one year, with eight months suspended. In addition, a fine of $750 was imposed, and Ledbetter's driver's license was revoked for three years. On appeal to the superior court, the judgment of conviction was affirmed. Ledbetter now appeals to this court.

---

4. Toomey's attorney submitted written requested instructions pursuant to Criminal Rule 30(a).

1. AS 28.35.030 provides:

A person who, while under the influence of intoxicating liquor, depressant, hallucinogenic or stimulant drugs or narcotic drugs as defined in AS 17.10.230(13) and AS 17.12.-150(3) operates or drives an automobile, motorcycle or other motor vehicle in the state, upon conviction, is punishable by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both. Upon a second conviction within five years after a first conviction under this section, the court shall impose a minimum sentence of imprisonment of not less than three days. Upon a

subsequent conviction within five years after a second conviction under this section, the court shall impose a minimum sentence of imprisonment of not less than 10 days. The execution of sentence may not be suspended nor may probation or parole be granted until the minimum imprisonment provided in this section has been served, nor may imposition of sentence be suspended, except upon the condition that the defendant be imprisoned for no less than the minimum period provided in this section, nor may the punishment provided for in this section be reduced under AS 11.05.150. In addition, his operator's license shall be revoked in accordance with AS 28.15.210(c).

The dispositive question is whether the district court, in denying Ledbetter's request for a continuance of the trial so that he could have more time to obtain an attorney to represent him, effectively denied Ledbetter's constitutional right to the assistance of counsel.[2] That he had such a right, even though the prosecution was for a misdemeanor rather than for a felony, cannot be questioned in light of the penalties involved for this type of offense. As we said in *Alexander v. City of Anchorage*, 490 P.2d 910, 913 (Alaska 1971) and again quite recently in *O'Dell v. Municipality of Anchorage*, 576 P.2d 104, 106 (Alaska 1978), an accused

> has the right to the assistance of counsel for his defense if he is prosecuted for a misdemeanor, as well as for a felony, when the penalty upon conviction of the misdemeanor may result in incarceration in a jail or penal institution, the loss of a valuable license, or a fine so heavy as to indicate criminality.

Ledbetter's case was called for trial on July 28, 1976. The district court noted the fact that Ledbetter was not represented by counsel. Ledbetter then stated:

> No, sir, I'm not. I was unable to obtain one. I tried yesterday afternoon. My attorney, apparently, is out of town for some reason. I'd sent all my papers and everything to him and asked for a continuance due to my fishing season, and I hadn't heard anything. I had my wife call the Court on Monday, and they informed me that it was too late for her to get a—an extension form, and I called an attorney in Kenai yesterday afternoon. I believe he was in contact with Mr. Wordell. I also called another attorney in Anchorage, and I was unable to get anyone that could come down. If at all possible, I would like to ask for a continuance on this case.

After Ledbetter had made this statement, Mr. Wordell, the district attorney, stated that he objected to the continuance. He said:

> . . . The—The offense occurred on June 9, which would appear to be over a month and a half ago. The—it seems that that's reasonable time if he wished to secure Counsel. Mr. Garnett did contact me yesterday and indicated that he had just been contacted yesterday by Mr. Ledbetter, and I indicated to him that there were several reasons I would not agree to a continuance, and I can set them forth, if those are necessary for the record.

The district attorney then continued by saying that the state was prepared to proceed and had two witnesses under subpoena. In addition, the district attorney requested an early trial "given the gentleman's prior background on OMVI cases, given the fact he was driving an alleged limited license at the time of his offense." The court then stated:

> Well, I can understand your problems in obtaining Counsel, but I'm going to deny your motion for a continuance because I don't believe that it's—that it's timely. I think you've had enough time to get an attorney.

The case then went to trial before the court, and Ledbetter was found guilty of operating a motor vehicle while intoxicated. The transcript of the trial makes it readily apparent that Ledbetter was at a distinct disadvantage in not having counsel representing him. He was so inept at cross-examination of the state's witnesses and in presenting his own case that even the most casual and uninformed observer could not help but note that, without the assistance of counsel, Ledbetter was simply incapable of effectively defending himself against the charges for which he was tried.

Before the trial commenced, the state noted that Ledbetter had been arraigned on June 9, 1976, that seven weeks had elapsed between the arraignment and the trial, and that this was a reasonable time for an accused to obtain the representation of counsel. During the arraignment on June 9,

---

**2.** Art. I, § 11 of the Alaska Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, guarantee an ac- cused, in a criminal prosecution against him, the right to the effective assistance of counsel.

1976, before the magistrate at Seward, there was discussion between Ledbetter and the magistrate regarding the time for trial. Ledbetter was a fisherman and although he thought that the latter part of July would be better than June as a date for trial considering the times he would be allowed to fish under prevailing fishing regulations, he did indicate a trial in July would also be a handicap since the state allows only two days a week, Monday and Friday, to engage in fishing. The magistrate then said:

> All right. Why don't you then contact your attorney and have your attorney contact the court if he wants a continuance. And he has to make that request in writing and a copy to the district attorney. Do you have any idea who you will ask to be your attorney?

The magistrate also stated:

> Okay. We'll go ahead and give you an OR release. . . . Okay. Mr. Ledbetter, here's the copy of your complaint. Please get in touch with your attorney *right away* and have him contact the court and make his appearance with the court. (emphasis added)

From what the magistrate said, considered in light of the general exchange of conversation between her and Ledbetter, it appears reasonably clear that at the arraignment there was at least an implication that Ledbetter's case would be set for trial about July 26, but that if Ledbetter had any problems as to such a setting, he could make then known and continuances would be available. In light of such an implication or understanding, Ledbetter's request for a continuance on July 28, the day of the trial, in order to give him further time to get an attorney, did not demonstrate such a complete lack of diligence on Ledbetter's part as to merit a denial of his request for a continuance.[3]

It must be remembered that Ledbetter's right to be represented by counsel in this criminal prosecution was of constitutional dimension. A waiver of such right is not to be lightly inferred. As we stated recently in *O'Dell v. Municipality of Anchorage, supra* at 108, in order to find a waiver the record must clearly disclose that the accused "intelligently, competently, understandingly, and freely waived" the benefits of legal representation.[4]

Such a showing was not made here. The record of proceedings before the arraignment magistrate, as well as before the trial judge, "fails to reflect a clear waiver by [Ledbetter] of the right to legal representation." *O'Dell v. Municipality of Anchorage, supra* at 108.[5] The district court judge was clearly mistaken in refusing Ledbetter a reasonable continuance for the purpose of obtaining a lawyer to represent him.

The judgment of the superior court affirming Ledbetter's conviction is reversed, and the case is remanded to the superior court with directions to remand to the district court for a new trial.[6]

BURKE, J., not participating.

---

**3.** We recently noted, in regard to the granting of continuances to enable a party to secure counsel of his choice, that:

> A trial court in exercising its discretion in these matters must give great weight to any substantial prejudice to the rights of the moving party. The court must also consider the interests of the opposing party, the public and the judicial system in the prompt disposition of litigation. *Burleson v. State*, 543 P.2d 1195 (Alaska 1975).

**4.** *See also, Gregory v. State*, 550 P.2d 374, 379 (Alaska 1976); *Faretta v. California*, 442 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 582 (1975).

**5.** In a somewhat similar case, the Supreme Court of Missouri noted that there was no indication in the record that "there would have been any prejudice to the state or great inconvenience if the court had continued the case for a few days with the strict understanding that [the defendant] must obtain counsel and be ready for trial on the next setting." *State v. McClinton*, 418 S.W.2d 55, 59 (Mo.1967).

**6.** In response to questioning from the district judge, Ledbetter indicated that he would agree to a court trial, without a jury. Such a waiver of a jury trial, of course, is not binding on Ledbetter on a new trial.