George F. GOTTSCHALK, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. 3721.

Supreme Court of Alaska.

Nov. 9, 1979.

Charles G. Evans, Smith & Taylor, Anchorage, for appellant.

Paul E. Olson, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

MATTHEWS, Justice.

Appellant, George Gottschalk, Jr., appeals his conviction for petty larceny.[1] He raises three issues: whether the trial court abused its discretion by denying his several requests for trial continuances; whether he was denied his right to counsel; and whether his sentence was unlawful and excessive. We affirm the decision of the trial court.

On September 22, 1977, Gottschalk was convicted in Naknek of petty larceny, a lesser-included offense to the original charge of grand larceny on which he was tried and acquitted. This was the second time appellant was tried on these charges, the first trial having ended in a hung jury. At the first proceeding, Gottschalk represented himself after the court found that he had waived his right to counsel.[2]

The first trial ended on February 2, 1977. At that time, retrial was set for June 21, 1977,[3] on condition that Gottschalk could move for a continuance if it became apparent that the scheduled date would conflict with his commercial fishing dates. A con-

---

1. AS 11.20.140 provides:

    *Larceny of money or property.* A person who steals money, goods, or chattels, or a government note, a bank note, promissory note, bill of exchange, bond, or other thing in action, or a book of accounts, order or certificate concerning money or goods due or to become due or to be delivered, or a deed or writing containing a conveyance of land or interest in land, or a bill of sale, or writing containing a conveyance of goods or chattels or interest in them, or any other valuable contract in force, or a receipt, release, or defeasance, or a writ, process, or public record, *which is the property of another,* is guilty of larceny. Upon conviction, if the property stolen exceeds $100 in value, a person guilty of larceny is punishable by imprisonment in the penitentiary for not less than one nor more than 10 years. If the property stolen does not exceed $100 in value, the person, upon conviction, is punishable by imprisonment in a jail for not less than one month nor more than one year, or by a fine of not less than $25 nor more than $100.

2. Forty-nine days prior to the first trial, appellant's counsel withdrew from the case citing an incurable communication breakdown with his client as his reason. Despite the fact that the court made several inquiries of Gottschalk to ascertain who would represent him, Gottschalk failed to engage an attorney. On the Friday before his scheduled Tuesday trial, Gottschalk contacted the court's law clerk and made a request for a court-appointed attorney. An evidentiary hearing was held on Monday and the court determined that Gottschalk failed to qualify under AS 18.85.170(4) for appointment of counsel at public expense. Specifically the court entered findings that Gottschalk had sufficient financial resources to hire an attorney, expended little effort to secure one, failed to make a timely request for appointed counsel, and possessed sufficient understanding of court procedures to represent himself in court.

3. Appellant waived his right to have a retrial within 120 days of mistrial. *See* Rule 45(c)(2), Alaska R.Crim.P.

tinuance was subsequently granted, and the case was continued to September 21, 1977.

Nine or ten days prior to trial, Gottschalk contacted Assistant District Attorney Gene Cyrus asking him for additional time so that he could transport his boat to Seward. Mr. Cyrus informed Gottschalk that he opposed the delay, and Gottschalk made no further application to the court for a continuance until after the trial began.

Trial commenced as scheduled and Gottschalk again appeared without counsel. The first day ended early after all the available jurors had been questioned. During the afternoon, Gottschalk obtained a loan from a friend so that he could hire an attorney.

Before trial resumed the following morning, Gottschalk informed the court that Anchorage attorney Anthony Smith would be arriving in Naknek later that day to represent him. He requested a four-day continuance in order to consult with his attorney and prepare a defense. The court denied appellant's request and proceeded with the jury selection.

The court recessed mid-morning after the prosecution's last witness failed to arrive. The district attorney took the opportunity to propose jury instructions for the court's consideration. Gottschalk objected and asked that the court wait for his attorney to arrive before considering the instructions. The court denied appellant's request stating that since Mr. Smith never filed a notice of appearance in the case, he would not be arguing in it.

Smith arrived in court at the completion of the state's case. After a brief conference with his attorney, Gottschalk made another request for continuance until the following morning. The court inquired of Mr. Smith if he was willing to enter an appearance at that time. When Smith declined to do so stating that he needed more time to review his client's case, the court

denied the motion. Gottschalk subsequently rested without presenting any witnesses on his behalf. The case was argued, the jury instructed, and a verdict returned before the day was out.

Attorney Smith did appear for Gottschalk at sentencing. Gottschalk received a six-month sentence, with three months suspended and two years probation. He was also ordered to pay two hundred fifty dollars in restitution. Execution of sentence has been stayed pending this appeal.

■ The denial of a request for continuance falls properly within the discretion of the trial court and will not be disturbed on appeal unless the discretion has been clearly abused. *Salazar v. State*, 559 P.2d 66, 71 (Alaska 1976); *Green v. State*, 544 P.2d 1018, 1020 (Alaska 1976). "[T]he prime focus of inquiry must be on the reason for the requested continuance," but we will also consider whether the moving party has acted diligently and in good faith. *Salazar*, 559 P.2d at 72.

Gottschalk directs our attention to several decisions by this court in which we have found an abuse of discretion for denial of a party's motion for continuance in order to prepare for trial. However, each of the cases, unlike the present one, involved circumstances beyond the control of the requesting party. In *Doe v. State*, 487 P.2d 47 (Alaska 1971), a defendant minor was given but one day notice by the state to appear for his final dispositional hearing. In *Klockenbrink v. State*, 472 P.2d 958 (Alaska 1970), initial counsel withdrew from the case less than four days before trial. In *Barrett v. Gagnon*, 516 P.2d 1202 (Alaska 1973), counsel in a civil suit withdrew on the day of trial because of a schedule conflict.

■ Gottschalk also contends that he lacked adequate funds to secure an attorney. We consider this excuse to be contrived and unpersuasive.[4] The trial court

---

4. We note that appellant offers no explanation as to why he did not attempt to obtain a loan before trial began. Nor does appellant explain why no request was made before trial for either a continuance or another hearing to determine if he was eligible for court-appointed counsel.

Appellant was fully informed at the conclusion of his first trial that he could renew his application for a public defender. Appellant represented to the court that he would retain private counsel for retrial.

determined prior to the first trial that Gottschalk had sufficient assets to afford his own counsel. Where a defendant is financially able to engage an attorney, he may not use his neglect in hiring one as a legitimate reason for delay. *United States v. Yamashita*, 527 F.2d 954, 955 (9th Cir. 1975); *United States v. McMann*, 386 F.2d 611, 618 (2d Cir. 1967), *cert. denied*, 390 U.S. 958, 88 S.Ct. 1045, 19 L.Ed.2d 1153 (1968); *Relerford v. United States*, 309 F.2d 706, 708 (9th Cir. 1962).

■ We acknowledge that a continuance of several hours or one day may have been reasonable in this case. However, we cannot say that the trial court's denial constituted an abuse of discretion. Any delay would have seriously inconvenienced the court, an Anchorage judge temporarily sitting in Naknek, the prosecutor, and at least one witness who traveled from Dillingham. "While blind adherence to the requirements of court calendaring should never be used as an excuse to deny one accused of a serious crime the fundamental right to organize his defense, there is a compelling public interest in the prompt and orderly disposition of such matters." *Green v. State*, 544 P.2d 1018, 1023 (Alaska 1976) (footnote omitted).

We conclude that the seven months between Gottschalk's first and second trials afforded him more than a reasonable time to engage an attorney. As he made no effort to retain counsel during those months, Gottschalk's failure can only be attributed to his lack of diligence. Under the circumstances, we must hold that the trial court acted within its discretion in denying appellant's requests for trial continuances.

■ In a related argument Gottschalk contends that he was denied his right to counsel under the Alaska and United States Constitutions. The record demonstrates that a full pretrial hearing was held in January, 1977, at which time the trial judge determined that Gottschalk waived his right to counsel. Gottschalk does not contest this finding. However, he asserts that a second hearing on the matter should have been held after the mistrial to determine whether he waived his right on retrial.

We hold that a second hearing was unnecessary in this case. In order for there to be a constitutional waiver, the trial judge must satisfy himself that the defendant is capable of presenting his case in a rational and coherent manner and that the defendant understands the benefit he is giving up by foregoing legal counsel. *O'Dell v. Municipality of Anchorage*, 576 P.2d 104, 107 (Alaska 1978); *McCracken v. State*, 518 P.2d 85, 91 (Alaska 1974). The waiver must appear affirmatively on the record, *O'Dell v. Municipality of Anchorage*, 576 P.2d at 108, and will not be inferred. *Ledbetter v. State*, 581 P.2d 1129, 1131 (Alaska 1978). All the requirements for waiver having been satisfied at the pretrial hearing, we must conclude that Gottschalk's inaction preceding retrial constituted a continuation of the voluntary waiver of his right to counsel. It has been well established that a non-indigent defendant who fails to retain an attorney within a reasonable time before trial may be found to have waived his right to counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931 (1964); *United States v. Rubinson*, 543 F.2d 951, 963–964 (2d Cir. 1976); *United States v. Casey*, 480 F.2d 151, 152 (5th Cir. 1973), *cert. denied*, 414 U.S. 1045, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973); *United States v. McMann*, 386 F.2d at 618; *Relerford v. United States*, 390 F.2d at 708.

As we also find Gottschalk's sentence to be lawful and not excessive, the decision of the superior court is hereby AFFIRMED.

BURKE, J., not participating.