**John P. GREELEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 91–CA–09–MR.**

Court of Appeals of Kentucky.

Jan. 24, 1992.

Rehearing Denied March 20, 1992.

Stephen P. Durham, Louisville, for appellant.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

Before HAYES, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

This appeal arises from the conviction of the appellant, John P. Greeley, of two (2) counts of receiving stolen property. The appellant was sentenced to four (4) years imprisonment on each count, to run consecutively. The appellant appeared at trial without counsel. We affirm the Kenton · Circuit Court.

In August of 1987, a residence in Henry County, Kentucky, was burglarized. In ad-

dition to other items, certain negotiable bonds were taken from the residence. Many of the bonds contained interest-bearing coupons. The appellant, John Greeley, cashed a number of the bearer-bond coupons on two occasions at the Huntington Bank in Covington. The appellant told an FBI agent that he had purchased the coupons from a friend in a bar in New York City. The appellant was unable to provide the name of the bar and declined to provide the name of the friend who sold him the coupons. The appellant originally stated to the FBI that he had cashed the coupons on only one occasion until changing his story after being shown the surveillance photo from the previous occasion. The appellant further denied having been in possession of the bonds themselves. One of the Commonwealth's witnesses, however, testified that he received from the appellant two (2) University of Kentucky Bearer Bonds identified as being a part of the stolen bonds. The appellant was indicted for receiving stolen property over $100.00 in violation of KRS 514.110.

The pre-trial record shows that the case had a history of being continued. On September 5, 1989, arraignment was continued because the appellant was in New York. On September 11, 1989, a trial date was set for January 23, 1990. The appellant was represented by an attorney, Pat Hickey. On January 22, 1990, the appellant was represented by Mr. Robert Gettys. The trial date was continued until April 10, 1990. The appellant was ordered to appear to produce handwriting samples. The appellant failed to appear on February 8, 1990 and February 15, 1990. On February 26, 1990, the court, considering a motion to revoke the appellant's bond, stated, "Mr. Greeley has been, I think, playing loose with the Court a little bit. He's supposed to give handwriting samples to the Commonwealth and I've asked him to be here a couple of times and he hasn't been here. Now I'm going to give you a week to get him back here and if he's not here I'm going to revoke his bond." On May 29, 1990, the trial date was again postponed until June 26, 1990. The Commonwealth asked for the continuance due in part to the late timing of the handwriting samples.

On June 26, 1990, Mr. Gettys moved that he and Mr. Hickey be allowed to withdraw as counsel on the basis of ethical reasons. The court granted the motion. The court increased the appellant's bond and gave him the opportunity to secure new counsel. On July 30, 1990, Mr. Cross, appearing on behalf of Mr. Greeley, stated that the appellant had procured an attorney, Mr. Thomas Beiting. The court ordered the appellant to appear with his counsel on August 13, 1990, in order to set a trial date. On August 13, 1990, the appellant appeared without counsel. The court stated to the appellant, ". . . You're an attorney. Now you may not practice, but you have a law degree, so I'm going to set the case for trial. You can either represent yourself or bring an attorney in but we're going to get rid of this case." The court set the trial date for November 8, 1990.

On November 8, 1990, the appellant appeared without counsel. The appellant requested a continuance indicating that he had acquired the services of an attorney that morning. Mr. Howell Vincent appeared before the court and stated, "These Folks just come across the street and wanted to employ me and I said I'm not in a position to get in this case at this time." The appellant made several requests for time to secure an attorney and stated, ". . . there is no question but that we can be prepared in a brief period of time but that at the moment if I were to represent myself I would be a fool." The trial court denied the motion for a continuance and started the trial citing the long list of continuances and the adequate opportunity for the appellant to procure the assistance of legal counsel. The appellant protested and refused to actively participate in the trial proceedings. The appellant declined to cross-examine the Commonwealth's witnesses or initiate any testimony or evidence on his own behalf. On the second day of trial, the appellant requested that the court appoint him counsel. The trial court denied the request. The trial concluded in the conviction of the appellant.

 The appellant first asserts that he was deprived of his constitutional right to assistance of counsel. We, however, disagree. The right to assistance of counsel may not be abused to delay proceedings or trifle with the court. *U.S. v. Krzyske,* 836 F.2d 1013, 1017 (6th Cir.1988). Furthermore, a litigant is not allowed to play "cat and mouse games" with the court in order to preserve an issue for appeal or to delay proceedings. *Krzyske, supra.* The sixth amendment right demands that a reasonable time be given to retain counsel; however failure to do so operates as a waiver, even if the result is a pro se defendant. *United States v. Fowler,* 605 F.2d 181, 183 (5th Cir.1979). The grant of a continuance seeking more time to locate counsel is a question vested in the sound discretion of the trial court. *Krzyske, supra* at 1017; *Fowler, supra* at 183; *United States v. Casey,* 480 F.2d 151, 152 (5th Cir.1973). The facts of each case determine whether a denial of a continuance was an abuse of discretion, violating a person's sixth amendment guarantee. *Casey, supra* at 152. However, a period of twenty days to locate counsel has been deemed sufficient. *Fowler, supra,* citing *Casey, supra.* In the instant case, the appellant was advised that setting the date on November 8, 1990 was the last continuance and that if he did not show up in court with counsel, then he would have to try the case alone. It is clear that the trial court was adamant about not letting the appellant further obstruct and delay the date set for trial. The appellant was given from August 13, 1990, to November 8, 1990, almost three months, to secure counsel. Having failed to do so clearly operated as a waiver of his sixth amendment right to counsel. To hold otherwise would be to confer upon the defendant the power to control the court's docket and to thwart the trial court's efficient and effective administration of justice.

 The appellant next asserts that the trial court failed to appoint him counsel after his request on the second day of trial. The first words stated by the appellant in his dialogue asking for the appointment of an attorney on the morning of the second day of trial were, "I own significant assets in this state in the form of common stock and natural gas...." The appellant then proceeded to state how those assets were tied up. The trial court properly denied the appellant counsel where he did not show financial inability to employ an attorney. *Holland v. Commonwealth,* 241 Ky. 813, 45 S.W.2d 476 (1932), and *see United States v. Foster,* 867 F.2d 838 (5th Cir. 1989). Throughout the history of the case, the appellant was represented by paid counsel and it is apparent that the trial court believed that the appellant was merely attempting to delay the proceeding once again. We uphold the trial court's decision.

 The appellant next argues that certain testimony at trial was inadmissible on the basis of hearsay and the fact that an FBI agent made the following statement about the appellant:

He said he couldn't recall. I believe that he probably knew but he said he couldn't recall.

The appellant admits the issue was not preserved. It is well established that proper objections must be made known to the trial court, if the appellant intends to preserve matters to be considered by reviewing courts. *Bell v. Commonwealth,* Ky., 473 S.W.2d 820, 821 (1971). In the absence of a ruling by the trial court, the appellate court is unable to review the alleged error. *Todd v. Commonwealth,* Ky., 716 S.W.2d 242, 248 (1986). The appellant has thus waived any complaint about the introduced evidence. Even if we were to review the alleged error, we do not believe the appellant has shown prejudice. The evidence against the appellant was overwhelming. He undeniably cashed the coupons of the stolen bonds on two occasions. Furthermore, the Commonwealth produced a witness who said that he had received two of the stolen bonds from the appellant. Under these circumstances, the admission of evidence complained of was harmless error at best. *Commonwealth v. Johnson,* Ky., 777 S.W.2d 876, 878 (1989).

This appeal presents a classic set of facts for us to determine whether the trial judge

or the defendant will control the court's orderly operation. We find ourselves in lock step with the trial judge's handling of this case.

The judgment of the Kenton Circuit Court is affirmed.

All concur.