**Jamon R. BENSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8765.**

Court of Appeals of Alaska.

June 15, 2007.

G. Blair McCune, Attorney at Law, Anchorage, for the Appellant.

Blair M. Christensen, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

**OPINION**

COATS, Chief Judge.

Jamon R. Benson was charged with a number of crimes after he reportedly assaulted his girlfriend and her two children while he

---

was intoxicated. The superior court appointed counsel to represent Benson. Afterwards, a substantial amount of bail money from an unrelated case was returned to Benson. Later, Benson's minor son posted $50,000 in bail for him in the present case. Based on these events, the trial court determined that Benson had the means to hire an attorney and consequently was not qualified to have counsel appointed at public expense. Yet Benson persistently claimed that he was indigent and was unable, despite substantial efforts, to find a private attorney who would represent him. Ultimately, Benson represented himself at trial, claiming that he was forced to do so because he had been unable to obtain an attorney to represent him. Following his conviction on some of the charges, Benson appealed.

We conclude that because Benson claimed that he did not have the financial resources to hire an attorney, the trial court had a duty under Alaska Criminal Rule 39.1(e) to determine whether Benson was indigent either "by placing the defendant under oath and asking about the defendant's financial status, or by requiring the defendant to complete a signed sworn financial statement." We therefore remand the case for the superior court to determine whether Benson was indigent at the time of his trial. Unless, after following the proper procedures, the court determines that Benson had the financial ability to hire an attorney to represent him but chose instead to represent himself, the court must vacate Benson's convictions and order a new trial. We reserve consideration of Benson's sentencing argument until after his representation issues are resolved.

### Factual and procedural background

Jamon R. Benson was indicted on one count of assault in the third degree,[1] and was charged by information with two counts of assault in the fourth degree,[2] one count of misconduct involving weapons in the fourth degree,[3] and two counts of violating his conditions of release.[4] The State alleged that Benson, while intoxicated on a camping trip,

threatened his girlfriend with a gun and, in the process, scared her two children. Superior Court Judge Michael I. Jeffery appointed an attorney to represent Benson.

At a later hearing in front of Judge Jeffery, the court and the parties discussed Benson's plea agreement in several other misdemeanor cases. As part of that plea agreement, approximately $11,500 in bail money was returned to Benson. Judge Jeffery ruled that, because he would be receiving this sum, Benson could afford to hire his own attorney in this case and was no longer eligible for court-appointed counsel. Judge Jeffery further ordered that Benson could only use the refunded bail money for the purposes of hiring an attorney. Judge Jeffery therefore allowed Benson's court-appointed attorney to withdraw from representing him. Judge Jeffery stated that Benson's bail on the charges in this case would be $50,000.

In response, Benson claimed that the $11,500 was not sufficient for him to hire an attorney. Benson represented that he had contacted "every attorney in Fairbanks" and that the attorneys had either asked for retainers above what he could pay or had stated that they were not interested in representing him. Benson also represented that he already owed substantial amounts of money and that the refunded bail money was therefore already spent and was not available for him to hire an attorney. Benson continued to insist at other court appearances that he was unable to hire an attorney.

Several days later, at a bail hearing in front of Superior Court Judge Richard H. Erlich, Benson asserted that he was being forced to go to trial without an attorney. He asked for lower bail so that he could have access to legal materials and prepare for trial. Later that same day, Benson's seven-year-old son posted a $50,000 cash bond for Benson's bail in the present case.

At a hearing a few days later, Judge Erlich gave Benson approximately twenty days to

---

**1.**  AS 11.41.220(a)(1)(A).

**2.**  AS 11.41.230(a)(3).

**3.**  AS 11.61.210(a)(1).

**4.**  AS 11.56.757(a).

find an attorney. Benson told Judge Erlich that he thought he would be able to find an attorney within that time. But at a later hearing in front of Judge Erlich, Benson still had not retained counsel. When Judge Erlich asked Benson if he intended to represent himself at trial, Benson stated that representing himself was his only option. At another hearing a few days later, Judge Erlich noted that the court had previously determined that Benson was able to afford private counsel. He strongly recommended that Benson not try to represent himself.

Retired Superior Court Judge Donald D. Hopwood was assigned to preside over Benson's trial. The parties and Judge Hopwood convened for a pre-trial conference. Apparently, the electronic recording of this hearing is unavailable and no transcript of the hearing exists. We therefore have only the log notes of the hearing. The log notes show that Judge Hopwood questioned Benson about the wisdom of proceeding to trial without an attorney. Benson maintained that he did not want to represent himself but that he was unable to retain an attorney. Judge Hopwood pointed out that Benson had $11,500 in bail money refunded to him and that Benson had posted a $50,000 cash bond to make bail. He apparently asked Benson how he could "not afford" an attorney after coming up with the $50,000 in bail money. Judge Hopwood ultimately determined that Benson had knowingly waived his right to counsel and found that there was "nothing to indicate" that Benson was eligible for court-appointed counsel.

On the day that Benson's trial was scheduled to begin, Benson told Judge Hopwood that he was not prepared to go to trial and that he wished to have an attorney represent him. Benson told Judge Hopwood that his experience representing himself in an unrelated misdemeanor trial a few weeks prior had made him realize that he had "no business trying to represent" himself. Judge Hopwood denied Benson's request to delay the trial, noting that Benson had previously insisted that he wanted to go to trial promptly. Judge Hopwood concluded that Benson was trying to manipulate the system.

Benson represented himself through the course of his seven-day jury trial. The jury found Benson guilty of one count of assault in the fourth degree and two counts of violating his conditions of release. The jury acquitted Benson on the other charges. Following his sentencing, Benson appealed his convictions to this court.

*Why we conclude we must remand the case*

■ An indigent person who is charged with a crime is entitled to have the court appoint an attorney to represent him at public expense.[5] The Alaska statutes provide that the trial court is to make the determination of whether a defendant is eligible for court-appointed counsel, considering the defendant's inability to pay based upon multiple factors, such as income, property owned, outstanding debt, and the number and ages of dependents.[6] Under Criminal Rule 39, the trial court must inform a defendant of his right to counsel and his right to appointed counsel. If a defendant claims a financial inability to hire counsel, the court must determine whether the defendant is eligible for the appointment of counsel.[7] The court's duty is set out in Criminal Rule 39.1(e): "[t]he court or its designee shall determine whether a defendant is eligible for court-appointed counsel by placing the defendant under oath and asking about the defendant's financial status, or by requiring the defendant to complete a signed sworn financial statement." Criminal Rule 39.1(b)(1) provides that "[a] defendant is eligible for court-appointed counsel if the court finds that the total financial resources available to the defendant are not sufficient to pay allowable household expenses and the likely cost of private representation through trial." [8]

Thus, it is clear that when a criminal defendant claims he does not have the financial

5.  AS 18.85.100; Alaska R.Crim. P. 39 and 39.1.

6.  AS 18.85.120(a) and (b).

7.  Alaska R.Crim. P. 39(b).

8.  *See also* AS 18.85.170(4) (defining "indigent person").

resources to hire an attorney, Alaska law places a duty upon the court to put the defendant under oath and determine, based on the totality of the circumstances, the defendant's financial status—that is, whether or not the defendant is indigent. We hold that the trial court erred in concluding that Benson was not eligible for court-appointed counsel based upon the fact that he had a substantial amount of bail money refunded to him as part of a plea agreement in another case and the fact that a substantial amount of bail was posted for him in his current case. On the silent record before us, it is possible that the money in question was not available to Benson for the purpose of hiring an attorney, or was not sufficient for that purpose as Benson claimed.

At the same time, we note that it is possible, as Judge Hopwood found, that Benson did have the resources available to hire an attorney and chose not to do so. As the Alaska Supreme Court stated in *Gottschalk v. State:*[9] "It has been well established that a non-indigent defendant who fails to retain an attorney within a reasonable time before trial may be found to have waived his right to counsel."[10] But there is no indication from the record that Benson was ever placed under oath and questioned regarding any outstanding debts or other financial obligations he may have had at the time the $11,500 in bail money was returned to him. And while the $50,000 in bail money that Benson's son posted in this case might well have indicated that Benson had significant assets at his disposal, the American Bar Association Standards for Criminal Justice make clear that a defendant's ability to post bail should not be determinative of his or her eligibility for court-appointed counsel.[11]

We accordingly conclude that we must direct the superior court to determine whether Benson was indigent at the time of his trial—that is, whether Benson did "not have sufficient assets, credit, or other means to provide for payment of an attorney and all other necessary expenses of representation without depriving [Benson] or [Benson's] dependants of food, clothing, or shelter...."[12] We further direct the superior court to vacate Benson's convictions unless, after following these procedures, it finds that, at the time of trial, Benson had the financial resources available to hire counsel for his defense but voluntarily waived counsel by choosing not do so.

■ One other point requires comment. The State points out that there is no record, other than the log notes, of the pre-trial proceeding before Judge Hopwood. It is true, as the State points out, that as the appellant, Benson "had the primary obligation of seeing to it that all matters were included [in the appellate record] which are essential to a decision of the questions presented by the appeal."[13] The Appellate Rules set out a procedure for reconstructing a record when no electronic recording of a hearing was made.[14] The State argues that, since Benson did not do this, and since it is possible that a reconstruction of the pre-trial hearing in front of Judge Hopwood would establish that Benson was not eligible for the appointment of counsel, we should decide the case against Benson. We decline to do this. First, there is no indication in the log notes that Judge Hopwood ever followed any of the procedures set out in Criminal Rule 39(b)(1) and AS 18.85.120. Furthermore, given the fact that Benson consistently denied both before and after this hearing that he had the

---

**9.** 602 P.2d 448 (Alaska 1979).

**10.** *Id.* at 451.

**11.** American Bar Association, *Standards for Criminal Justice: Providing Defense Services,* Standard 5–7.1 at 87 (3d ed.1992). The Commentary to this Standard explains that "[t]he ability to post bond is rejected as a basis for denying counsel because it requires the accused to choose between receiving legal representation and the chance to be at liberty pending trial. Since a person's freedom prior to trial often is essential to the preparation of an adequate de-

fense, placing the defendant in this dilemma is arguably a denial of the effective assistance of counsel." *Id.* at 88–89 (footnote omitted). *See also* AS 18.85.120(b).

**12.** AS 18.85.170. *See also* Criminal Rule 39.1.

**13.** *McBride v. State,* 368 P.2d 925, 927 n. 11 (Alaska 1962), *modified on other grounds by Fresneda v. State,* 483 P.2d 1011, 1017 (Alaska 1971).

**14.** Alaska R.App. P. 210(b)(8).

financial ability to hire counsel and was therefore being forced to represent himself, it seems unlikely that he conceded at the pretrial hearing that he actually did have the ability to hire counsel. It does not seem appropriate to assume that he made such a concession. Of course, on remand, the hearing in front of Judge Hopwood could be reconstructed and used by the court to determine whether, at the time of his trial, Benson had the financial resources to hire counsel.

### Conclusion

We remand this case to the superior court. The court shall conduct proceedings consistent with this opinion and report its findings to this court within 90 days of the issuance of this decision. If the superior court, after conducting an appropriate inquiry, finds that Benson was indigent, the court shall vacate Benson's convictions and order a new trial. If, on the other hand, the superior court finds that Benson was not indigent and that he knowingly chose not to hire an attorney, we will review the superior court's decision and consider Benson's other arguments on appeal. We retain jurisdiction over this case.

REMANDED.