UNITED STATES of America, Appellee,

v.

Lee Andrew CARTER, Appellant.

No. 75–1211.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1975.

Decided Sept. 29, 1975.

---

William J. Tighe, Omaha, Neb., for appellant.

G. Roderic Anderson, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Lee Andrew Carter was found guilty by a jury of violating 18 U.S.C., App. § 1202(a)(1).[1] The sole issue on appeal is the admissibility under the Fourth Amendment of the .22 caliber revolver taken from him at his arrest. We affirm.

The appellant was arrested by agents of the Treasury Department, Bureau of Alcohol, Tobacco and Firearms, acting pursuant to a warrant issued by a federal magistrate. The warrant authorized the search of Carter, Lee Truman Stevenson, and a 1967 or 1968 blue Pontiac automobile and the seizure of a sawed-off rifle less than twenty-six inches in length and a hand gun. It stated, on the basis of information supplied by an informant, there was probable cause to believe that the appellant possessed a sawed-off rifle in violation of 26 U.S.C. § 5861(d) and that Stevenson, a convicted felon, possessed a hand gun in violation of 18 U.S.C., App. § 1202(a)(1). Further, the warrant stated there was probable cause to believe the sawed-off rifle and the hand gun would be found either on the person of the individuals named or in the automobile described. The appellant asserts that the warrant as regards to him was deficient because the magistrate did not have before him sufficient information to determine how the informant reached the conclusions conveyed in his tip. *See Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *Cf., Giordenello v. United States,* 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

The government concedes that the information supplied to the magistrate failed to satisfy the second prong of *Aguilar.* It argues, however, that this failure does not render the warrant invalid, for the informant's tip was sufficiently detailed that the magistrate could conclude that his information was acquired in a reliable manner and was as trustworthy as that required by *Aguilar. See United States v. Cummings,* 507 F.2d 324, 328 (8th Cir. 1974); *United States v. Marihart,* 472 F.2d 809, 815 (8th Cir. 1972) (en banc), *cert. denied,* 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974). We do not reach the question presented, for the arrest of the appellant and the seizure of the revolver was valid

---

1. The statute reads:

   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony * * *

   * * * * * *

   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

irrespective of the warrant. *See Giordenello v. United States, supra* at 488 of 357 U.S., 78 S.Ct. 1245.

In execution of the warrant, the Treasury agents placed themselves in a position to observe the entry of a methadone treatment clinic known as Equilibria Center and observed Carter and Stevenson arrive in the automobile described in the warrant. When the two men exited from the clinic, the agents advanced upon them, with their weapons drawn, and commanded the two to halt. At this point, Carter fell or ducked down between parked automobiles, for when the agents came upon him, he was lying prone on his stomach. As thus positioned, the butt end of a revolver was exposed protruding from his right rear pants pocket. The agents then seized the revolver and formally arrested the appellant.

■ Carter rightfully concedes there was probable cause to search Stevenson, for the information supplied to the magistrate as to him was acquired by the informant in a reliable manner. *See Aguilar v. Texas, supra* 378 U.S. at 114, 84 S.Ct. 108. Accordingly, the agents acted properly in arresting Stevenson and could, in order to maintain the status quo, momentarily seize his companion, Carter. *See United States v. Stevens,* 509 F.2d 683, 687 (8th Cir.), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1993, 44 L.Ed.2d 479 (1975); *United States v. Peep,* 490 F.2d 903, 905–906 (8th Cir. 1974). Upon viewing the butt end of the revolver, there was probable cause, irrespective of the warrant, to arrest the

appellant for the state offense of carrying a concealed weapon. *See Kelly v. Swenson,* 510 F.2d 264, 266 (8th Cir. 1975); R.R.S.Neb. § 28–1001.[2]

■ The authority of the Treasury agents to effect a warrantless arrest for the state offense is found in state law, consistent with constitutional requirements. There is no such authority under federal law.[3] The Nebraska law provides:

> Any person not an officer may, without warrant, arrest any person, if * * * a felony has been committed, and there is reasonable ground to believe the person arrested guilty of such offense, and may detain him until a legal warrant can be obtained.

R.R.S.Neb. § 29–402.

The validity of the arrest is determined on the basis of the agents' authority acting as private persons. *See United States v. Di Re,* 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *United States v. Unverzagt,* 424 F.2d 396, 398 (8th Cir. 1970); *United States v. Rosse,* 418 F.2d 38, 39 (2nd Cir. 1969), *cert. denied,* 397 U.S. 998, 90 S.Ct. 1143, 25 L.Ed.2d 408 (1970). Here, the requirements of the state law have been fully satisfied. The arrest being proper under state law, the search incident thereto was valid. *United States v. Unverzagt, supra* at 399; *United States v. Rosse, supra* at 39. The judgment of conviction is

Affirmed.

---

2. The Nebraska statute reads:

Whoever shall carry a weapon or weapons concealed on or about his person such as a revolver, pistol, bowie knife, dirk or knife with a dirk blade attachment, brass or iron knuckles, or any other dangerous weapon, shall upon conviction be fined in any sum not exceeding one thousand dollars or im-

prisoned in the Nebraska Correctional and Penal Complex not exceeding two years; * * *

3. The authority of agents of the Bureau of Alcohol, Tobacco and Firearms to make warrantless arrests is limited to offenses against the United States. 26 U.S.C. § 7608(a)(3).