UNITED STATES of America,
Plaintiff–Appellee,

v.

Walter Moray WILLIAMS,
Defendant–Appellant.

No. 89–50017.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1989.

Decided Dec. 6, 1989.

Carlton F. Gunn, Asst. Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Robin R. Scroggie, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before NELSON, BOOCHEVER and TROTT, Circuit Judges.

NELSON, Circuit Judge:

Walter Moray Williams appeals his sentence under the United States Sentencing Guidelines. Williams contends that his due process rights were violated because his adult criminal sentence was enhanced due to prior juvenile adjudications at which he did not have a right to a jury trial. Williams also contends that the district court erroneously categorized his prior commitment to juvenile hall as a term of imprisonment, thereby enhancing his adult sentence. We affirm the sentence imposed by the district court.

### FACTS

Williams entered a plea of guilty on October 6, 1988 for bank robbery in violation of 18 U.S.C. § 2113(a). At the time of his sentencing, this court had invalidated the Sentencing Reform Act of 1984 and the United States Supreme Court had not yet reviewed our decision. The district court imposed two alternative sentences on Williams. The first sentence was imposed under the law applicable prior to the effective date of the Sentencing Reform Act. The second alternative sentence was imposed using the United States Sentencing Guidelines enacted pursuant to the Sentencing Reform Act.

The Supreme Court subsequently upheld the validity of the Sentencing Reform Act in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). As a result, the Bureau of Prisons has implemented the alternative sentence calculated under the Sentencing Guidelines. It is this sentence that is the subject of Williams' appeal.

A presentence report was prepared by the Probation Office in conformity with the Sentencing Guidelines. The offense level assigned to Williams was 17.[1] The presentence report then assigned a criminal history level of 10. Six of the criminal history points were assigned for a conviction of bank robbery in Arizona as an adult. Four of the 10 criminal history points assigned to Williams were the result of two juvenile adjudications. It is these 4 points that Williams claims violated his due process rights.

In 1984, a California juvenile court found that Williams had committed a bank robbery and ordered him to serve 180 days in the county juvenile hall. Also in 1984, in another California juvenile court proceeding, Williams was found to have committed a second bank robbery and was committed to the California Youth Authority. The Probation Office added two points for each of these judgments to Williams' criminal history level in accordance with § 4A1.2(d)(2) of the United States Sentencing Commission, *Guidelines Manual* (hereafter *Guidelines Manual*), which requires the addition of 2 points under § 4A1.1(b)[2] "for each adult or juvenile sentence to confinement...." The criminal history level of 10 placed Williams in the criminal history category of V. *Guidelines Manual,* at ch. 5, part A.

---

1. The base offense level for robbery is 18. *See* United States Sentencing Commission, *Guidelines Manual,* § 2B3.1. One point was added because the robbery occured at a financial institution. *See id.* Williams then had his offense level reduced by two points for an "affirmative acceptance of personal responsibility for criminal conduct." *Id.* § 3E1.1.

2. "Two points are added for each prior sentence of imprisonment of at least sixty days.... There is no limit to the number of points that may be counted under this item." *Guidelines Manual,* at § 4A1.1(b).

According to the Sentencing Table in the *Guidelines Manual*, at ch. 5, Part A, an offense level of 17 and criminal history category of V placed Williams at a sentence of 46 to 57 months of imprisonment. If the juvenile adjudications had not been considered, the Sentencing Table would indicate a sentence of 30 to 37 months. *Id.*[3] If Williams' commitment to juvenile hall had not been calculated under § 4A1.1(b), but as some other form of criminal history, the Sentencing Table would point toward a sentence of 37 to 46 months. *Id.*[4]

Williams objected to the inclusion of the juvenile adjudications in the calculation of his sentence as violating the Due Process Clause of the Fifth Amendment and to the categorization of his commitment to juvenile hall as imprisonment. The district court rejected both of these arguments and agreed with the conclusion of the Probation Office that the applicable sentencing range for Williams was 46 to 57 months. The court then imposed its sentence of 57 months. Williams filed a timely appeal.

## ANALYSIS

### 1. *Standard of review*

◾ We review *de novo* Williams' constitutional challenge to the use of prior juvenile adjudications under the Sentencing Guidelines. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We also review *de novo* Williams' challenge to the proper interpretation of a provision of the Sentencing Guidelines. *See United States v. Fredman*, 833 F.2d 837, 839 (9th Cir.1987).

---

**3.** Without the juvenile adjudications, the criminal history level for Williams would have been 6 and the criminal history category would have been III.

**4.** If the sentence to juvenile hall had not been considered under § 4A1.1(b), Williams' criminal history level would have been 9 and his criminal history category would have been IV.

**5.** *Baldasar* involved a challenge to the use of prior misdemeanor convictions in enhancing a subsequent sentence when the prior convictions were uncounseled yet nonetheless valid. *Id.*, 446 U.S. at 223, 100 S.Ct. at 1585. The Supreme

### 2. *The use of juvenile adjudications in enhancing adult sentences*

◾ The Supreme Court held in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1966), that juvenile delinquency proceedings must conform to the due process guarantees of the Constitution. However, the Court also held that these due process guarantees do not include the right to a jury trial for juvenile delinquency adjudications. *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Williams contends that although the bench trial is constitutionally valid for the specific use of a juvenile delinquency adjudication, the use of the results of such a bench trial would not be constitutionally valid for the purposes of enhancing an adult sentence.

Williams relies primarily on the Supreme Court decision in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). The question for the *Baldasar* court was whether an uncounseled, though constitutionally valid, conviction could be used to enhance a sentence in a separate proceeding for which representation by counsel is constitutionally required.[5] In a *per curiam* opinion without comment, the Supreme Court overturned Baldasar's conviction. *Id.*, 446 U.S. at 224, 100 S.Ct. at 1586. The opinion was followed by three concurrences, signed by five of the justices. *Baldasar*, 446 U.S. at 224–30, 100 S.Ct. at 1589. The consensus of these concurrences is that an uncounseled conviction which is invalid for the purposes of imposing a sentence of imprisonment, though valid in itself for imposing a nonprison sentence, is also invalid for enhancing a sentence of imprisonment. *Id.*

---

Court held in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), that defendants cannot be imprisoned for misdemeanor convictions unless they are represented at trial by counsel. Five years later the Supreme Court, answering a question left open by *Argersinger*, held that an uncounseled misdemeanor conviction is constitutionally valid if the defendant is not incarcerated. *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). As a result, Baldasar's original misdemeanor was constitutionally valid.

The holding in *Baldasar* does not support Williams' contention that an adult cannot have a criminal sentence enhanced because of a conviction at a prior proceeding to which the right to a jury trial did not attach. First, while it is unconstitutional to deprive an uncounseled misdemeanant of liberty (the facts in *Baldasar*) it is not unconstitutional to deprive a juvenile of liberty without a jury trial. If it does not violate due process for a juvenile to be deprived of his or her liberty without a jury trial, we fail to find a violation of due process when a later deprivation of liberty is enhanced due to this juvenile adjudication. Justice Marshall's concurrence in *Baldasar* concludes that "a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." *Baldasar*, 446 at 228, 100 S.Ct. at 1588 (Marshall, J., concurring). In Williams' case, in contrast, the conviction was constitutionally valid for purposes of imposing a sentence of imprisonment for the offense itself. If we were to extend the holding in *Baldasar* to strike down the enhancement of Williams' sentence, we would in essence have to hold that the enhancement of an adult criminal sentence requires a higher level of due process protection than the imposition of a juvenile sentence.

Furthermore, *Baldasar* is a right to counsel case and not a right to a jury trial case.[6] The right to counsel is more fundamental than the right to a jury trial. As Justice Powell explained in *Argersinger*, "the interest protected by the right to have guilt or innocence determined by a jury— tempering the possibly arbitrary and harsh exercise or prosecutorial and judicial power—while important, is not as fundamental to the guarantee of a fair trial as is the right to counsel." 407 U.S. at 46, 92 S.Ct. at 2017 (Powell, J., concurring).

Prior to the promulgation of sentencing guidelines, courts had wide discretion to impose sentences based on prior conduct that did not involve a full conviction before a jury without violating due process. For example, we have held that it does not violate a defendant's due process rights for the sentencing court to consider the fact that the defendant was acquitted of a prior offense. *United States v. Morgan*, 595 F.2d 1134, 1135–37 (9th Cir.1979). *See also United States v. Cruz*, 523 F.2d 476 (9th Cir.1975) (proper for the court to consider criminal counts for which a mistrial had been declared, in sentencing a defendant for the counts for which he was convicted); *United States v. Williams*, 782 F.2d 1462 (9th Cir.1985) (permissible for a sentencing judge to rely on the arrest underlying a void conviction). If a judge could have enhanced a sentence because of factors which have not been fully adjudicated with due process guarantees, a judge can enhance a sentence due to a prior adjudication when, as in the case of Williams' prior adjudication, the defendant has had such due process safeguards as the right to counsel and the right to cross-examine adverse witnesses.

In sum, we find that it was not a violation of Williams' due process rights for the sentencing judge to use his prior, nonjury, juvenile adjudications to enhance his sentence under the sentencing guidelines.

### 3. *Commitment to juvenile hall*

■ The sentencing guidelines include a section specifically addressing the use of prior juvenile sentences in determining the criminal history level of a defendant. *Guidelines Manual*, at § 4A1.2(d). If a sentence resulted in confinement of at least 60 days, the defendant is given 2 points, following the general section for criminal history which calls for 2 points for prior sentences of imprisonment of at least 60 days. *Id.* § 4A1.2(d)(2)(A). Any other type of sentence results in an addition of 1 point, also following the general section for criminal history points. *Id.* § 4A1.2(d)(2)(B).[7] Williams contends that

---

6. Williams was represented by counsel in both of his juvenile adjudications.

7. The point system for offenses committed while under the age of eighteen is the same as the point system for offenses committed while over

his prior commitment to juvenile hall was erroneously categorized by the district court as a "sentence of imprisonment" and that it was error for 2 points to have been added to his criminal history level. Instead, Williams argues, the commitment to juvenile hall should have been categorized as a non-prison sentence and that his criminal history level should have been increased by 1 point pursuant to the residual section, § 4A1.2(d)(2)(B).

Williams' argument misconstrues the requirements and language of the guidelines. Section 4A1.1(b) under which Williams' sentence was enhanced uses the term "sentence of imprisonment." Section 4A1.2 defines this term in the context of juvenile sentences. *See Guidelines Manual* § 4A1.1 (Commentary, Application Note 2). Juvenile sentences "to *confinement* of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense" are considered sentences of imprisonment for purposes of § 4A1.1(b) and require the addition of 2 points under that section. *Id.* § 4A1.2(d)(2)(A) (emphasis added). The appropriate inquiry, therefore, is not whether juvenile hall is equivalent to prison, but whether Williams' commitment to juvenile hall is a "sentence to confinement."

It is clear that juveniles who are sentenced to juvenile hall are not free to leave. Although the purpose of juvenile sentencing is rehabilitative rather than strictly punitive, the effect is nonetheless to deprive the juvenile of liberty. The sentencing guidelines do not direct the sentencing court to examine the purpose behind the specific form of a prior confinement, they merely direct the judge to consider the fact of confinement. Because of the deprivation of liberty, we find that commitment to juvenile hall is a form of confinement and therefore comes within § 4A1.2(d)(2)(A) of the guidelines.

California law presents a clear line of demarcation between sentences to juvenile

hall or the youth authority on the one hand and other types of juvenile placements on the other. Only those juveniles who have committed an offense which would be a crime for an adult may be sentenced to juvenile hall. Cal.Welf. & Inst.Code § 730 (West 1984). Juveniles who become wards of the court for other reasons, such as truancy, cannot be sentenced to juvenile hall. *Id.* § 727. Moreover, the guidelines provide that "[j]uvenile status offenses and truancy" are never counted. *Guidelines Manual* § 4A1.2(c)(2). Thus in allowing the enhancement of adult sentences due to prior commitment to juvenile hall, we are not in danger of enhancing a sentence on the basis of anything except prior commitment as the result of a criminal offense.

We find that Williams' prior commitment to juvenile hall is a sentence to confinement and therefore that it was not error for the sentencing judge to enhance Williams' sentence as a result of that commitment.

AFFIRMED.

---

the age of eighteen. Thus, if a sentence involved imprisonment, § 4A1.2(d)(2)(A)—the juvenile section—would allocate 2 points pursuant to the general section, § 4A1.1(b). A history of any other type of offense committed as a juvenile, § 4A1.2(d)(2)(B), would indicate an increase of 1 point pursuant to the general section on other types of sentences, § 4A1.1(c).