Gary Wayne
**WESTMORELAND, Petitioner,**

v.

Peter **DEMOSTHENES, Warden of the Nevada State Prison, and Brian McKay, Attorney General of the State of Nevada, Respondents.**

No. CV–N–89–762–ECR.

United States District Court,
D. Nevada.

March 7, 1990.

---

1128

J. Thomas Susich, Crowell, Susich, Owen & Tackes, Ltd., Carson City, Nev., for petitioner.

Brian McKay, Atty. Gen., Criminal Justice Div., Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court is petitioner's Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed on November 28, 1989. Petitioner's Petition is based upon the following facts. Petitioner was arrested on December 17, 1987 in Carson City for driving while under the influence of an intoxicating liquor and for driving with .10 percent or more by weight of alcohol in his blood, both in violation of NRS 484.379. Petitioner was charged with a felony pursuant to NRS 484.3792 since petitioner had previously been convicted on July 13, 1984, and on May 22, 1985 of violating NRS 484.379.

On June 9, 1988, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *Westmoreland v. McGrath,* CV–N–88–310–HDM. Petitioner alleged that he was being unlawfully held pursuant to NRS 484.379 and NRS 484.-3792 because the previous convictions of July 13, 1984 and May 22, 1985 were invalid. Petitioner alleged that he had entered a plea of guilty for both convictions because he had been advised at the time that he had no right to a jury trial. On August 9, 1988, petitioner was found guilty by the First Judicial District Court of Nevada and sentenced to serve two years in the Nevada State Prison. The state district court stayed petitioner's sentence pending the outcome of petitioner's Petition for Writ of Habeas Corpus in the United States District Court for the District of Nevada.

On August 29, 1988, the United States District Court for the District of Nevada stayed petitioner's § 2254 petition pending the United States Supreme Court's decision in *Blanton v. No. Las Vegas Municipal Court.* On March 6, 1989, the Supreme

Court decided *Blanton.* On April 20, 1989, pursuant to the Supreme Court's decision in *Blanton*, this Court ruled that petitioner did not have a right to a jury trial on July 13, 1984 and May 22, 1985, and therefore dismissed petitioner's Petition.[1]

Meanwhile, petitioner had appealed the decision of the First Judicial District Court of Nevada to the Nevada Supreme Court in December, 1988. Petitioner raised several issues in his appeal, three of which are contained in petitioner's current Petition: (1) the State could not constitutionally rely upon petitioner's prior convictions under NRS 484.379 to enhance petitioner's sentence for his current conviction under the statute because he was not afforded a jury trial for these prior convictions; (2) the withdrawal of petitioner's blood without his consent, and subsequent use of the blood at petitioner's trial violated petitioner's fourth amendment rights; (3) petitioner was denied equal protection of the laws because the state relied upon NRS 484.383 which authorized the non-consensual taking of a blood sample of persons who had been convicted of a driving under the influence offense within the past seven years. On November 2, 1989, the Nevada Supreme Court dismissed petitioner's appeal, finding petitioner's arguments to be lacking in merit.

As previously mentioned, on November 28, 1989, petitioner filed the Petition for Writ of Habeas Corpus that is currently before this Court. On November 29, 1989, this Court entered an Order staying the execution of petitioner's prison sentence imposed by the First Judicial District Court of Nevada until further order of this Court. Petitioner's Petition before this Court raises the above mentioned three issues which were contained in petitioner's appeal to the Nevada Supreme Court. Since these issues were raised before the highest court in the State of Nevada and ruled upon on the merits, petitioner has exhausted all state remedies. Furthermore, on November 29, 1989, this Court ordered petitioner to file within 20 days a statement of additional claims for habeas corpus relief if petitioner had any additional claims which he wished to assert. This Court also warned petitioner that if petitioner failed to timely file a statement, the Court would conclude that petitioner had no additional habeas corpus claims, and would process the petition in its current form, thus, potentially barring petitioner from raising any additional claims. Since petitioner has failed to file a statement of additional claims, this Court concludes that petitioner has no additional habeas corpus claims, and addresses only those raised in petitioner's Petition.

■ Petitioner's first claim is that the state could not constitutionally rely upon petitioner's previous convictions under NRS 484.379 to enhance, pursuant to NRS 484.3792, petitioner's sentence for his current conviction. This claim is distinguishable from petitioner's prior claim in that it addresses the specific question of whether "a repeat [DUI] offender facing enhanced penalties may state a constitutional claim because of the absence of a jury trial in a prior DUI prosecution." *Blanton v. City of North Las Vegas, Nevada*, 489 U.S. 538, 109 S.Ct. 1289, 1294, 103 L.Ed.2d 550 (1989).

Although it is well settled that a prior misdemeanor conviction may not be used to enhance a subsequent sentence when the prior convictions were uncounselled yet nonetheless valid, *Baldasar v. Illinois*, 446 U.S. 222, 224, 100 S.Ct. 1585, 1586, 64 L.Ed.2d 169 (1980), it is uncertain whether the same principle holds true in a right to jury trial case. This Court finds the Ninth Circuit's decision in *United States v. Williams*, 891 F.2d 212 (9th Cir.1989), to be instructive. In *Williams*, the Ninth Circuit rejected the appellant's argument that his due process rights were violated because his adult criminal sentence pursuant to the Federal Sentencing Guidelines was enhanced due to prior juvenile adjudications at which he did not have a right to a jury trial. *Id.* at 215. In reaching its holding, the Ninth Circuit distinguished the right to a jury trial from the right to counsel, not-

---

1. On March 13, 1989, the petition was ordered reassigned to this Court from the Honorable

Howard D. McKibben, United States District Judge for the District of Nevada.

ing that "the right to counsel is more fundamental than the right to a jury trial." [2] *Id.* Furthermore, " 'the interest protected by the right to have guilt or innocence determined by a jury—tempering the possibly arbitrary and harsh exercise of prosecutorial and judicial power—while important, is not as fundamental to the guarantee of a fair trial as is the right to counsel.' " *Id.*, (quoting *Argersinger v. Hamlin*, 407 U.S. 25, 46, 92 S.Ct. 2006, 2017, 32 L.Ed.2d 530 (1972) (Powell, J., concurring)). This is not surprising since the right to counsel appears to be one of the basic rights "applicable to all ... criminal prosecutions" where an accused may be deprived of his liberty. *Argersinger*, 407 U.S. at 32, 92 S.Ct. at 2010 (1972).

■ In other words, since the right to a jury trial appears to be less fundamental than the right to counsel, this Court agrees with the Ninth Circuit's conclusion in *Williams* that prior nonjury convictions may be used to enhance sentences for subsequent convictions. Furthermore, although the Supreme Court in *Blanton* did not formally consider this question, it did suggest such enhancement pursuant to NRS 484.3792 is proper:

> [W]e ascribe little significance to the fact that a DUI offender faces increased penalties for repeat offenses. Recidivist penalties of the magnitude imposed for DUI are commonplace....

109 S.Ct. at 1294.

Therefore, this Court holds that it was not a violation of petitioner's due process rights to use petitioner's prior nonjury DUI convictions (which imposed less than six months imprisonment) to enhance petitioner's current sentence pursuant to NRS 484.3792. To the extent that petitioner's petition presents a somewhat distinct argument focusing on the validity of the prior DUI convictions rather than their use for enhancement purposes, Exhibit A to Peti-

tion for Writ of Habeas Corpus at 7–8, this argument has been previously rejected by this Court. *See* Order of April 20, 1989 (# 13).

■ This Court rejects petitioner's other arguments as well. Petitioner's second claim, that the nonconsensual withdrawal of petitioner's blood violated his fourth amendment rights, is without merit. Petitioner's interpretation of *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) is misguided. Petitioner argues that *Schmerber* stands for the proposition that a nonconsensual withdrawal of blood in a DUI case can only occur where rare special facts justify the search, and that since these facts did not exist here, the withdrawal of blood was in violation of the fourth amendment. In fact, this Circuit has interpreted *Schmerber* as authorizing nonconsensual blood tests where the facts that give probable cause for the DUI arrest also suggest the relevance of a reasonable blood test. *Railway Labor Executives' Ass'n v. Burnley*, 839 F.2d 575, 583 (9th Cir.1988); *Burnett v. Municipality of Anchorage*, 806 F.2d 1447, 1449 (9th Cir.1986). Under this standard, this Court concludes that the nonconsensual withdrawal of petitioner's blood did not violate the fourth amendment.

■ Petitioner's third argument, that the application of NRS 484.383 violated petitioner's equal protection rights, is equally without merit. Petitioner argues that NRS 484.383, which authorizes nonconsensual blood searches of persons previously convicted within the past seven years of a DUI offense, creates an improper classification between persons. Petitioner further argues that since this classification affects fundamental rights, it should be subject to a strict scrutiny test (which it would purportedly fail).

The proper standard for testing the classification, however, is a rational relationship test since petitioner's fourth amend-

---

**2.** This distinction between the right to counsel and the right to a jury trial appears to be the determinative basis for the holding in *Williams*. The Ninth Circuit's other basis for its holding ("[i]f it does not violate due process for a juvenile to be deprived of his or her liberty without a jury trial, we fail to find a violation of due

process when a later deprivation is enhanced due to this juvenile adjudication") seems to merely restate the question. After all, an uncounseled conviction can be constitutionally relied upon for some purposes (to impose a fine), but not for others (to enhance a sentence to the point of imprisonment).

ment rights were not violated by the search, and since therefore, no fundamental rights were relinquished. *Burnett v. Municipality of Anchorage,* 806 F.2d at 1450. Under this test, the legislation must have a legitimate purpose in creating the classification, and must reasonably believe that the classification would further that purpose. *Id.* This Court finds that NRS 484.383 passes this test. Nevada had the legitimate purpose in creating NRS 484.383 of insuring the public safety by removing drunken drivers from its highways. It was reasonable for the Nevada legislature to believe that repeat DUI offenders posed a greater threat to the public safety and therefore should be subject to nonconsensual blood withdrawals.

Since NRS 484.383 passes the rational relationship test, petitioner's third and final argument fails.

IT IS, THEREFORE, HEREBY ORDERED that petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Document # 1) is DISMISSED. IT IS FURTHER ORDERED that this Court's Order Staying Execution of Prison Sentence entered on November 29, 1989 (# 4) is VACATED. The Clerk shall enter judgment accordingly.