915 F.2d 1581
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry L. BEGLEY, Defendant-Appellant.
 
 1
 No. 89-50512.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Oct. 1, 1990.
Decided Oct. 10, 1990.
 
 3
 Before WALLACE and POOLE, Circuit Judges, and THOMPSON, District Judge*.
 
 
 4
 MEMORANDUM**
 
 
 5
 Jerry L. Begley (Begley) was convicted of assault resulting in serious bodily injury and assault with a dangerous weapon, and appeals his sentence of 52 months. Begley claims that the district court committed three reversible errors in determining his sentence under the Federal Sentencing Guidelines (Guidelines): (1) the court erred in calculating his offense level when it determined that the belt and buckle which Begley used to beat his daughter was a "dangerous weapon;" (2) the court erred in its determination that Begley's daughter Angela suffered "serious bodily injury;" and (3) the court erred by not departing downward from the sentencing range it had calculated under the Guidelines. We affirm.
 
 
 6
 This court reviews de novo a challenge to the proper application of the Guidelines. United States v. Williams, 891 F.2d 212, 214 (9th Cir.1989), citing United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984), cert. denied, 469 U.S. 824 (1984). We review the district court's factual determinations underlying the sentence for "clear error." United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989); United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989); United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989).
 
 
 7
 * Begley pled guilty to assault with a dangerous weapon under 18 U.S.C. Sec. 113(c). This court has held that a guilty plea constitutes an admission of all the elements required to establish the offense in question. United States v. Kidder, 869 F.2d 1328 (9th Cir.1989). The government correctly notes that "[w]hat constitutes a dangerous weapon under the statute depends not on the nature of the object itself, but on the object's capacity, given its manner or use, to endanger life or inflict great bodily harm." Plaintiff-Appellee's Brief at 9, citing United States v. Bey, 667 F.2d 7, (5th Cir.1982). The Guidelines define a "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury." Application Note 1B1.1(1)(d).[1]
 
 II
 
 8
 Begley next claims that he should not have received a four-point increase in his sentencing offense level for inflicting serious bodily injury on Angela. Again, since Begley pled guilty to this offense, he has admitted the element of the offense requiring that the victim suffer serious bodily injury. United States v. Kidder, 869 F.2d at 328. The government argued at trial that Angela suffered serious bodily injury in that she experienced extreme physical pain, an appropriate basis for conviction under 18 U.S.C. Sec. 113(f). United States v. Johnson, 637 F.2d 1224, 1246 (9th Cir.1980). The Guidelines similarly provide that "serious bodily injury" includes injuries "involving extreme physical pain." Application Note 1B1.1(j). Begley is 6'5 1/2" and weighs 255 pounds. He struck his fourteen-year-old daughter Angela six or seven times in the back, shoulders and face with a buckle swinging at the end of two feet of belt, while the rest of the belt was coiled in his hand. Begley asserts that the district court's determination that Angela suffered extreme physical pain and therefore serious bodily injury is clearly erroneous. We disagree.
 
 III
 
 9
 Begley ends his appeal by asserting that the district court erred in not departing downward from a sentencing range of 46 to 57 months under the Guidelines.[2] We decline to second-guess the district court's decision not to factor in such considerations as Begley's military record, state of mind, intent, motive, purpose and "stature," despite Appellant's urgings. Appellant's Brief at 9-10, 17. This court has determined that a destrict court's discretionary determination not to depart downward from the Guidelines is not reviewable on appeal. United States v. Morales, 898 F.2d 99 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Gordon Thompson, Chief United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court was explicit in its determination that the belt and buckle as Begley used them amounted to a dangerous weapon:
 THE COURT: There are different types of dangerous weapons, and I think that there is some discretion there. For instance, a man's fist can be a dangerous weapon if he happens to have been a prize fighter or had experience with the use of his hands. It can be a dangerous weapon for one and not for the another [sic ].
 I would have to say, though, that it would be extremely difficult not to find that what was used here was a dangerous weapon. The belt itself would maybe raise a legitimate debate but the belt buckle would not.
 Reporter's Transcript of 9/18/89 at 10-11.
 
 
 [2]
 The district court imposed a sentence of 52 months after calculating Begley's offense level at 23. The court began with a base offense level of 15, (aggravated assault pursuant to Sec. 2A2(a) of the Guidelines), added four points for the use of a dangerous weapon, then added four more points for inflicting serious bodily injury as well as two additional points for abusing a position of trust vis-a-vis the victim, and finally deducted two points based on Begley's having accepted responsibility for the crime. The preceding calculation resulted in a sentencing range of 46 to 57 months under the Guidelines sentencing table. Begley requested a downward departure from this sentencing range, the government requested an upward departure, and the district court ultimately sentenced Begley to a term in the middle of the sentencing range