967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
KEITH LAMONT PEARSON, Defendant-Appellant.
 No. 91-10335.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1992.*
Decided June 10, 1992.
 
 Before CHOY, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Lamont Pearson appeals from the sentence of 137 months imposed after he pleaded guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). He claims that the sentencing court improperly relied on statements made by an anonymous informant when it calculated his base offense level and imposed a sentence at the top end of the guideline range.
 
 
 3
 The district court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review Pearson's timely appeal under 18 U.S.C. § 3742. We review de novo the district court's application of the Sentencing Guidelines. United States v. Williams, 891 F.2d 212, 214 (9th Cir.1989), cert. denied, 494 U.S. 1037 (1990). We review factual findings for clear error. United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989). Appeal of a sentence that is within the correctly applied guideline range is authorized by 18 U.S.C. § 3742(a) only if it was imposed in violation of law. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 
 4
 Pearson pleaded guilty to distributing 13.5 grams of cocaine. The Presentence Report ("PSR") relied on the report of a Drug Enforcement Agency ("DEA") undercover agent who bought the 13.5 grams of cocaine from Pearson. The agent arranged to buy an ounce (28.5 grams) of crack cocaine from Pearson, paid Pearson $1,000, but received only 13.5 grams of cocaine from him. When the agent informed Pearson that the order was short of being an ounce, Pearson told the agent he had no idea it was short, and that he would provide the remainder to the agent the following week.
 
 
 5
 The PSR calculated the base offense level at 28, based on U.S.S.G. § 2D1.4(a), which provides that the weight under negotiation in an uncompleted distribution should be used to calculate the amount distributed for sentencing purposes. U.S.S.G. § 2D1.4(a) comment: n.1; § 2D1.1(a). With a two-point adjustment for acceptance of responsibility, and a criminal history category of V, Pearson's sentencing guideline range was 110 to 137 months.
 
 
 6
 Pearson claims that his base offense level was improperly calculated. We disagree. The informant's statements were not relied upon to determine Pearson's guideline range. The sentencing court concluded that Pearson's declaration implied that he intended to deliver more than 13.5 grams to the DEA agent. The court's conclusion that the transcript of the transaction made clear that Pearson acted on his own and intended to negotiate the sale of a full ounce is not clearly erroneous. Application of section 2D1.4(a) was appropriate.
 
 
 7
 Pearson argues that the court improperly relied upon the informant's statements when it imposed a sentence at the top end of the guideline range. The PSR recommended a sentence at the top of the guideline range because Pearson was a recognized crack dealer, operating across the street from a school; the transaction occurred on public school property; and Pearson allegedly had sold cocaine to a thirteen-year old girl and had been seen with large amounts of cocaine for sale.
 
 
 8
 That Pearson had sold cocaine to a thirteen-year old and had been seen with four eight-ounce cakes of crack was reported by the anonymous informant and not corroborated by other evidence. Although the sentencing court did find that the informant's statements were reliable and that the probation officer's recommendations were appropriate, the sentencing court did not need to rely on the informant's statements at all. The court stated, "[W]ith the statement of the defendant ... on tape, I don't know the Court would need rely on [the informant's statements]...." We are convinced that the district court would have imposed the same sentence absent the informant's statements. See Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992). When an appellant shows that the district court relied on an invalid factor at sentencing, remand is unnecessary if the court of appeals determines that the district court would have imposed the same sentence even without relying on the invalid factor; the sentence is not "a result of an incorrect application" of the guidelines, under 18 U.S.C. § 3742(f)(1). Id. Therefore, we find that Pearson's sentence was not imposed in violation of law. Based on Pearson's statements during the transaction, which the agent recorded, the court reasonably concluded that Pearson had been dealing drugs and intended to become the agent's supplier.
 
 
 9
 Because Pearson's sentence was not based upon hearsay, we do not reach his Confrontation Clause claim. The sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3