46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Wayne NELSON, Defendant-Appellant.
 No. 93-10777.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 21, 1994.*
Decided: Jan. 26, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wayne Nelson appeals his sentence following a guilty plea to two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a), and one count of using a firearm in connection with a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1). Nelson argues that the district court erred by sentencing him as a career offender pursuant to Sec. 4B1.1 of the United States Sentencing Guidelines. We reject this contention and affirm.
 
 
 3
 The district court's determination that Nelson is a career offender is subject to de novo review. United States v. Williams, 891 F.2d 212, 214 (9th Cir. 1989), cert. denied, 494 U.S. 1037 (1990).
 
 
 4
 Nelson contends that his 1975 conviction for second degree burglary is not a "crime of violence" within the meaning of Sec. 4B1.1 of the Sentencing Guidelines. Section 4B1.2(1) defines a "crime of violence" as
 
 
 5
 ... any offense under federal or state law punishable by imprisonment for a term exceeding one year that --
 
 
 6
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 
 
 7
 (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 8
 (Emphasis added.) It is undisputed that Nelson committed a burglary of a dwelling in 1975. However, Nelson argues that because his 1975 conviction for second degree burglary of a dwelling did not require proof of "unlawful or unprivileged entry," he did not commit "burglary" as used in Sec. 4B1.2(1).
 
 
 9
 "Burglary," as used in Sec. 4B1.2(1) is not limited to first degree burglary which requires unlawful or unprivileged entry. Nor is it limited to the definition of "burglary" or "violent felony" as used in the Armed Career Criminal Act.[1] The plain language of Sec. 4B1.2(1) includes any "burglary of a dwelling" within its definition of a "crime of violence." See United States v. Becker, 919 F.2d 568, 571-72 (9th Cir. 1990), cert. denied, 499 U.S. 911 (1991) ("Residential burglaries are treated as crimes of violence because ... the Sentencing Commission recognized the danger inherent in a residential burglary"). Thus, the district court did not err by including Nelson's 1975 conviction for burglary of a dwelling in its calculation of his career offender status.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "... the definition[] of 'violent felony' ... in 18 U.S.C. Sec. 924(e)(2) [the Armed Career Criminal Act] [is] not identical to the definition[] of 'crime of violence' ... used in Sec. 4B1.1 (Career Offender)." United States Sentencing Guidelines Sec. 4B1.4 (Armed Career Criminal), Application Note 1