Donald **PANANEN**, Appellant,

v.

**STATE of Alaska**, Appellee.

Nos. A–943, A–948.

Court of Appeals of Alaska.

Dec. 6, 1985.

---

James H. Cannon, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Michael P. McConahy, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After entering a plea of no contest, Donald Pananen was convicted of two counts of driving while intoxicated (DWI). AS 28.35.030. Before sentencing, the state informed the court that Pananen had two prior DWI convictions in Wisconsin. However, Pananen asserted that one of the two convictions could not properly be considered for sentencing purposes because he had not been afforded the right to counsel prior to conviction. District Court Judge Jane F. Kauvar upheld both Wisconsin convictions and, on this basis, sentenced Pananen as a third DWI offender. Pananen appeals.

The sentencing of DWI offenders in Alaska is governed by AS 28.35.030(c), which establishes increasingly severe mandatory minimum jail terms for persons convicted of first, second, and subsequent DWI offenses. Under this statute, prior DWI offenses are counted for sentencing purposes "if, within the preceding ten years, the person has been previously convicted ... in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements...."[1]

Pananen concedes that both of his Wisconsin DWI convictions occurred within the preceding ten years and that the elements of the offenses under Wisconsin law are

---

1. Alaska Statute 28.35.030(c) provides, in relevant part:

Upon conviction [of DWI] under this section the court shall impose a minimum sentence of imprisonment of not less than 72 consecutive hours and a fine of not less than $250 if the person has not been previously convicted in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements or refusal to submit to a chemical test under AS 28.35.032 or another law or ordinance with substantially similar elements. Upon conviction under this section the court shall impose a minimum sentence of imprisonment of not less than 20 consecutive days and a fine of not less than $500 if, within the preceding ten years, the person has been previously convicted once in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements or refusal to submit to a chemical test under AS 28.35.032 or another law or ordinance with substantially similar elements. Upon conviction under this section the court shall impose a minimum sentence of imprisonment of not less than 30 consecutive days and a fine of not less than $1,000 if, within the preceding ten years, the person has been previously convicted in this or another jurisdiction of more than one of the following offenses or has more than once been previously convicted of one of the following offenses: (1) driving while intoxicated under this or another law or ordinance with substantially similar elements; (2) refusal to submit to a chemical test under AS 28.35.032 or another law or ordinance with substantially similar elements.

substantially similar to the elements of DWI under Alaska law. He maintains, however, that the first of his two convictions is invalid because, under Wisconsin law, he was not afforded the right to be represented by counsel. Under Wisconsin law, a first-offense DWI is treated as a civil forfeiture, not as a crime. The offense is not punishable by imprisonment. *See* Wis.Stat.Ann. §§ 346.63, 346.65. Accordingly, an indigent person charged with a first-offense DWI in Wisconsin is not entitled to court-appointed counsel. *See State v. Novak*, 318 N.W.2d 364, 368–69 (Wis.1982). Pananen argues in this appeal that, because he was not entitled to court-appointed counsel and was unrepresented in his first Wisconsin case, the resulting conviction cannot be relied on for purposes of calculating the applicable minimum sentence under AS 28.35.030(c). Thus, Pananen claims that he should have been sentenced as a second, rather than as a third, DWI offender.

The state counters Pananen's argument by pointing out that, under the United States Constitution, the right to court-appointed counsel attaches in misdemeanor cases only if the accused is actually incarcerated upon conviction. *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1161–62, 59 L.Ed.2d 383, 389 (1979). The state further notes that the Supreme Court of Wisconsin has given a similar interpretation to the right to counsel under the Wisconsin Constitution. *See State ex rel. Winnie v. Harris*, 75 Wis.2d 547, 249 N.W.2d 791, 793–94 (1977). The state reasons that, because Pananen was not subject to incarceration for his first Wisconsin DWI conviction, he had no right to counsel under either the United States or the Wisconsin constitution, and his conviction was therefore not constitutionally defective, even if

uncounseled. Because the Wisconsin DWI conviction otherwise meets the requirements for a prior conviction under AS 28.-35.030(c), the state urges us to hold that it was properly relied on for sentencing purposes.

The persuasive force of the state's reasoning is severely undercut by the United States Supreme Court's decision in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Baldasar was originally convicted of theft under an Illinois statute that treated a first theft conviction as a misdemeanor. Upon conviction, Baldasar was not required to serve any time in jail. He was later charged with a second violation of the same statute. Based on the prior conviction, the offense was charged as a felony. Baldasar objected to the treatment of his case as a felony, arguing that his first conviction was invalid because it had been entered without his having been afforded the right to be represented by counsel. This argument was rejected by the trial court; Baldasar was convicted of felony theft and sentenced to imprisonment. The Illinois appellate courts upheld the conviction, and Baldasar petitioned the United States Supreme Court for a writ of certiorari. *Baldasar v. Illinois*, 446 U.S. at 222–24, 100 S.Ct. at 1585–86, 64 L.Ed.2d at 171–172.

The Supreme Court granted Baldasar's petition and, in a per curiam decision that was based on three separate concurring opinions, reversed his conviction. *Id.* Justice Stewart, joined by Justices Brennan and Stevens, concluded that, since Baldasar had been subjected to an enhanced sentence of imprisonment for his second conviction solely because of his first conviction, the failure to afford him the right to counsel in the first case amounted to a constitutional violation.[2] Justice Marshall,

---

**2.** Justice Stewart's concurring opinion was as follows:

> In *Scott v. Illinois*, the Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require ... that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has

afforded him the right to assistance of appointed counsel in his defense."

> In this case the indigent petitioner, after his conviction of petit larceny, was sentenced to an increased term of imprisonment *only* because he had been convicted in a previous prosecution in which he had *not* had the assistance of appointed counsel in his defense.

also joined by Justices Brennan and Stevens, concluded that the uncounseled first conviction, while valid for some purposes, was invalid and could not be relied on as a basis for enhancing the sentence on a subsequent conviction.[3] Justice Blackmun, writing alone, based his vote exclusively on his dissenting opinion in *Scott v. Illinois*, 440 U.S. at 389–90, 99 S.Ct. at 1170, 59 L.Ed.2d at 399–400, where he urged adoption of a bright-line rule extending the right to counsel to all misdemeanors involving a potential penalty of more than six months in jail.[4] Justice Powell, writing for the remaining members of the court, dissented, concluding that, under *Scott v. Illinois*, Baldasar was not entitled to counsel when he was initially convicted and, consequently, that his initial conviction remained valid and could be relied upon in any subsequent prosecution.

Understandably, Pananen relies heavily upon *Baldasar* in his argument on appeal. The state, however, argues that there was no clear majority in *Baldasar* and that, therefore, the Supreme Court's decision is not binding precedent. This argument is technically correct. Under the view expressed in Justice Blackmun's concurring opinion, Pananen would have been entitled to counsel only if his first offense had been punishable by more than six months in jail. Because, under Wisconsin law, Pananen's

first offense was treated as a civil forfeiture and was not punishable by any incarceration, his conviction would be valid under Justice Blackmun's view. Indeed, the Wisconsin Supreme Court has recently relied on just such an analysis of *Baldasar* to uphold the validity of Wisconsin's enhanced sentencing provisions for repeat DWI offenders. *See State v. Novak*, 107 Wis.2d 31, 318 N.W.2d 364 (1982).[5]

■ We nevertheless find the reasoning of the primary concurring opinions in *Baldasar* to be highly persuasive. As Justice Marshall aptly stated:

> An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute.

*Baldasar v. Illinois*, 446 U.S. at 227–29, 100 S.Ct. at 1588, 64 L.Ed.2d at 175.

In construing the Alaska Constitution,[6] the Alaska Supreme Court has long recognized the special importance of the right to counsel in criminal cases and the significant relationship between that right and the integrity of the truth-finding process.

---

> It seems clear to me that this prison sentence violated the constitutional rule of *Scott v. Illinois*, supra, and I, therefore, join the opinion and judgment of the Court.
> *Baldasar v. Illinois*, 446 U.S. at 224, 100 S.Ct. at 1586, 64 L.Ed.2d at 172–73 (citations and footnote omitted; emphasis in original).

**3.** Justice Marshall stated, in part:
> An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute.... [A] rule that held a conviction invalid for imposing a prison term directly, but valid for imposing a prison term collaterally, would be an illogical and unworkable deviation from our previous cases.

*Baldasar v. Illinois*, 446 U.S. at 227–29, 100 S.Ct. at 1588, 64 L.Ed.2d at 175 (footnote omitted).

**4.** Applying this rule to Baldasar, Justice Blackmun concluded that Baldasar's uncounseled first conviction violated his right to counsel, because, although Baldasar was not actually imprisoned as a result of his first conviction, a penalty of up to one year in jail had been authorized as a possible penalty for the offense.

**5.** Other states, however, have elected to follow *Baldasar*. *See, e.g., State v. Dowd*, 478 A.2d 671, 676–78 (Me.1984); *City of Pendelton v. Standerfer*, 297 Or. 725, 688 P.2d 68, 71 (1984).

**6.** Alaska Const. art. I, § 11 provides:
> In all criminal prosecutions, the accused shall have the right to ... have the assistance of counsel for his defense.

Alaska Const. art. I, § 7 provides:
> No person shall be deprived of life, liberty or property without due process of law.

Thus, our supreme court has not hesitated to conclude that fundamental fairness requires extension of the right to counsel to all misdemeanor cases where incarceration is a possible penalty. *See Alexander v. Anchorage*, 490 P.2d 910, 913–16 (Alaska 1971).[7]

We similarly believe that, before a prior conviction for an ostensibly non-criminal infraction, such as the "civil forfeiture" here, can properly be relied on as the sole basis for imposition of an enhanced mandatory minimum jail term, fundamental fairness under the Alaska Constitution[8] requires the sentencing court to determine that the defendant was afforded the right to counsel in the prior case. We conclude, as did the principal concurring opinions in *Baldasar*, that an uncounseled conviction is simply too unreliable to be depended on for purposes of imposing a sentence of incarceration, whether that sentence is imposed directly or collaterally.[9] Assuming *Baldasar* does not mandate this conclusion as a matter of federal constitutional law, we hold it to be compelled under the Alaska Constitution's guarantee of due process.

Because Wisconsin law did not extend to Pananen the right to court-appointed counsel for his first DWI offense, Pananen's first Wisconsin conviction should not have been relied upon by the district court as a basis for determining the applicable mandatory minimum sentence.[10]

The sentence is VACATED, and this case is REMANDED for resentencing.

---

7. As stated in *Alexander*, 490 P.2d at 914–15:
   Whatever distinction the Supreme Court of the United States intended to make between minor and petty offenses, it seems clear enough that that court has not yet extended the right to assigned counsel for indigent defendants in all types of criminal prosecutions. But this does not preclude us from acting in this field in interpreting our own constitutional provisions guaranteeing the assistance of counsel for an accused's defense in all criminal prosecutions.
   Moreover, *Alexander* makes clear the supreme court's reliance not only on Alaska's constitutional right to counsel, Alaska Const. art. I, § 11, but also on Alaska's constitutional due process clause, Alaska Const. art. I, § 7:
   We further hold, in conformity with well reasoned opinions of other jurisdictions, that such right to the assistance of counsel means that counsel must be appointed at public expense to a misdemeanor defendant who is indigent and too poor to have his own lawyer. In *Nichols v. State*, [425 P.2d 247 (Alaska 1967),] which dealt with post-conviction right to counsel, Justice Rabinowitz noted in his concurring opinion that denial would be "fundamentally unfair and violative of the due process clause of article I, section 7 of the Alaska Constitution." The nature of the injustice is no different where counsel is denied to an indigent defendant in a misdemeanor case within the category of a "criminal prosecution," as we have defined it.
   *Alexander v. Anchorage*, 490 P.2d at 915 (footnotes omitted).

8. *See* Alaska Const. art. I, § 7, quoted *supra* n. 6.

9. It is noteworthy that the Wisconsin Supreme Court, while upholding Wisconsin's practice of relying on prior uncounseled DWI convictions, expressly acknowledges that, because first convictions are treated as civil forfeitures, many first-offenders simply elect, as a matter of convenience, to forfeit bail and accept a conviction. *See State v. Novak*, 318 N.W.2d at 369. Curiously, the Wisconsin court considers this as an indication that extending the right to counsel to all first-offenders would be impracticable, but the court does not discuss the impact of routine bail forfeitures on the reliability of convictions as accurate indicators of guilt. *See id.* at 370.

10. Pananen failed to establish in the district court that he was unable to afford an attorney at the time of his first conviction in Wisconsin. The district court nevertheless considered and ruled on the merits of Pananen's challenge. Cases considering this issue seem to be divided: some hold that the defendant need only establish the fact that his prior conviction was uncounseled, and others hold that the defendant must show indigency as well. *Compare State v. Grenvik*, 291 Or. 99, 628 P.2d 1195, 1197 n. 2 (1981), *with State v. Novak*, 107 Wis.2d 31, 318 N.W.2d 364, 369 n. 5 (1982). The state does not argue on appeal that Baldasar's showing with respect to the uncounseled nature of his prior conviction was inadequate. Accordingly, we need not decide the issue in this case.