**STATE of Alaska, Appellant,**

v.

**David W. PEEL, Appellee.**

**No. A–4361.**

Court of Appeals of Alaska.

Dec. 31, 1992.

Cynthia L. Herren, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

L. Andrew Robinson, Hartig, Rhodes, Norman, Mahoney & Edwards, Palmer, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

OPINION

COATS, Judge.

David W. Peel pled no contest to the offense of driving while intoxicated (DWI), a class A misdemeanor. AS 28.35.030. Peel had a prior conviction for driving while intoxicated in Louisiana in 1986. The state contended that because Peel had previously been convicted of DWI, the court was required to sentence Peel to a minimum sentence of twenty days of imprisonment and a $500 fine.[1]

In the trial court, Peel argued that District Court Judge Peter Ashman should not

---

1. Alaska Statute 28.35.030 requires courts to

sentence defendants who are convicted of DWI

use his previous conviction for DWI from Louisiana to classify Peel as a second DWI offender. Peel pointed out that under Louisiana law, defendants who were charged with criminal offenses which carry a penalty of no more than six months in jail cannot obtain a jury trial. DWI is such an offense in Louisiana, and he therefore had no right to a jury trial. Under the Alaska Constitution, Peel would be entitled to have a jury trial for any offense where he faced imprisonment. *Baker v. City of Fairbanks*, 471 P.2d 386, 401–02 (Alaska 1970). Peel argued that since his Louisiana conviction would not have been valid under Alaska law, the Louisiana conviction was flawed and the court could not use that prior conviction to impose the mandatory minimum penalty under AS 28.35.030. Peel pointed out that in *Pananen v. State*, 711 P.2d 528 (Alaska App.1985), this court held that the trial court could not use a previous DWI conviction from Wisconsin to enhance the minimum sentence on an Alaskan DWI conviction because the defendant had not been entitled to court-appointed counsel on the Wisconsin conviction. He contended that the court should reach a similar result since he had not been entitled to a jury trial.

The state contended that Judge Ashman should distinguish between prior convictions where the defendant had no right to counsel and prior convictions where the defendant had a right to counsel but did not have a right to a jury trial. The state argued that while a conviction where the defendant had no right to counsel might be unreliable, there was no reason to reach a similar conclusion where the defendant was represented by counsel but did not have a right to a jury trial.

Judge Ashman concluded that in Alaska the right to a trial by jury is a core constitutional right which is similar to the right to counsel. He concluded that because the state of Louisiana did not allow Peel a trial by jury, he should not use this prior conviction as a prior DWI offense for purposes of applying the mandatory minimum punishments under AS 28.35.030. He therefore concluded that he should treat Peel as a first offender for sentencing purposes under AS 28.35.030. The state petitioned for review from this decision, and Judge Ashman stayed the sentencing proceeding. This court granted review. We now affirm Judge Ashman's decision.

It appears that under federal law there is no impediment to a court using a prior conviction where the defendant did not have a right to a jury trial to enhance the penalty for a subsequent conviction. In *Blanton v. City of North Las Vegas, Nevada*, 489 U.S. 538, 543, 109 S.Ct. 1289, 1293, 103 L.Ed.2d 550 (1989), Justice Marshall, writing for a unanimous Court, held that the federal Constitution does not guarantee the right of jury trial for an offense for which the maximum prison term is six months or less. The Court held that the State of Nevada did not have to provide a jury trial for a first offense of driving under the influence, for which the maximum term was six months. However, the Court noted that repeat offenders were subject to increased penalties, *Blanton* at 540 & n. 2, 109 S.Ct. at 1291 & n. 2, and specifically declined to consider whether the state could use previous convictions where the defendant had no right to a jury trial to enhance the penalties for subsequent convictions. *Id.* at 545 n. 12, 109 S.Ct. at 1294 n. 12.

to mandatory minimum sentences which increase with prior convictions. For a person who has not been previously convicted, the statute requires the court to impose a minimum sentence of imprisonment of not less than seventy-two consecutive hours and a fine of not less than $250. AS 28.35.030(b). If the person has been previously convicted once, the statute requires the court to impose a minimum sentence of not less than twenty days of imprison-

ment and a fine of not less than $500. *Id.* Former AS 28.35.030(k)(3) stated that:

(3) "previously convicted" means having been convicted in this or another jurisdiction, within 10 years preceding the date of the present offense, of operating a motor vehicle, aircraft, or watercraft while intoxicated under this section or another law or ordinance with substantially similar elements....

AS 28.35.030(k)(3) (amended 1992).

Lower federal courts have addressed this issue reserved by *Blanton* and concluded that previous nonjury convictions can enhance the penalties for subsequent convictions. In *McCullough v. Singletary*, 967 F.2d 530, 532–34 (11th Cir.1992), and *United States v. Williams*, 891 F.2d 212, 214–15 (9th Cir.1989), *cert. denied*, 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990), the circuit courts held that previous juvenile convictions could be used to enhance the sentence for a later felony offense even though the juvenile convictions had been without the right to jury trials. In *Williams*, the court specifically distinguished *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, *reh'g denied*, 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980) (holding that prior uncounseled conviction could not increase imprisonment for current offense) saying, "[t]he right to counsel is more fundamental than the right to a jury trial." 891 F.2d at 215. In *Westmoreland v. Demosthenes*, 737 F.Supp. 1127, 1129–30 (D.Nev.1990), the district court followed *Williams* and held that prior nonjury convictions for driving under the influence of alcohol (DUI) could, under the *federal constitution*, enhance the term of imprisonment for later DUI convictions.

As we have previously pointed out, this court has already concluded that the state cannot use convictions where the defendant did not have the benefit of counsel as a basis for applying the mandatory minimum sentence provisions of AS 28.35.030. We stated that "an uncounseled conviction is simply too unreliable to be depended on for purposes of imposing a sentence of incarceration, whether that sentence is imposed directly or collaterally." *Pananen*, 711 P.2d at 532 (footnote omitted). We held that the Alaska Constitution's guarantee of due process compelled this conclusion if it was not compelled as a matter of federal constitutional law. *Id.*

In its argument, the state attempts to distinguish the defendant's right to counsel from his right to a jury trial. The state points out that Peel's prior conviction was valid under both the federal constitution and the law of Louisiana. However, in the landmark case of *Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970), where the court held that any defendant who faced imprisonment or other serious penalty was entitled to a jury trial, the court found little reason to distinguish between the right to counsel and the right to a jury trial. *Id.* at 395 n. 14. *See O'Donnell v. Municipality of Anchorage*, 642 P.2d 835, 836 n. 2 (Alaska App.1982) ("[o]ur supreme court has indicated that the right to jury trial and the right to counsel are equally fundamental.") We accordingly conclude that Judge Ashman correctly decided that he should not use Peel's prior conviction for DWI as a prior conviction for applying the mandatory minimum sentence provisions of AS 28.35.030.[2]

AFFIRMED.

---

2. Peel concedes that Judge Ashman could properly use his prior Louisiana conviction for purposes of sentencing as long as Judge Ashman did not use the prior conviction for purposes of applying the mandatory minimum penalties.

This concession seems sound. *See Nukapigak v. State*, 562 P.2d 697, 701 (Alaska 1977) (courts may consider "verified instances of past antisocial behavior").