STATE of Alaska, Appellant,

v.

Brian SIMPSON, Appellee.

No. A–8582.

Court of Appeals of Alaska.

July 23, 2004.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellant.

Quinlan Steiner, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

In *State v. Simpson,* 53 P.3d 165 (Alaska App.2002), we reversed the superior court's ruling that two 1999 Montana convictions for "driving under the influence" did not qualify as prior convictions for purposes of AS 28.35.030(n), felony driving while intoxicated.[1] We decided that the elements of Montana's "driving under the influence" charge were "similar"[2] to the elements of AS 28.35.030. Accordingly, we reinstated the indictment.

This case has returned to us because the superior court again dismissed Simpson's indictment. The superior court ruled that due process was violated by charging Simpson with felony driving while intoxicated because Simpson's Montana convictions arose from non-jury trials at which he was tried *in absentia.*

---

1. *Simpson,* 53 P.3d at 170.

2. *See* former AS 28.35.030(*o*)(4) (amended 2002).

The record shows that Simpson was represented by counsel in both of his Montana cases. The Montana court had personally served Simpson with his trial notices and informed him that he would be tried *in absentia* and without a jury if he did not appear for the trials. (Article 2, section 26 of the Montana Constitution provides that upon "default of appearance . . ., all cases may be tried without a jury or before fewer than the number of jurors provided by law.") On the day set for each trial, Simpson did not appear, although his counsel was present. The court discharged the jury panel called for each case and proceeded with bench trials. After each trial, the court entered written findings convicting Simpson of driving under the influence.

■ Simpson argues that these convictions cannot be used as predicate convictions for felony DWI because the Montana convictions are "constitutionally infirm." Simpson relies on two of our cases, *State v. Peel*[3] and *Pananen v. State.*[4]

In *Pananen*, we addressed a prior out-of-state conviction where the defendant had not been afforded a right to counsel. Pananen was convicted of two counts of driving while intoxicated.[5] The trial court sentenced the defendant as a third offender because he had two prior convictions for that offense in Wisconsin.[6] On appeal, Pananen argued that the first of the two Wisconsin DWI convictions was invalid to enhance his sentence because Wisconsin law did not afford the right to court-appointed counsel in his first case.[7] We concluded "that an uncounseled conviction is simply too unreliable to be depended on for purposes of imposing a sentence of incarceration, whether that sentence is im-

posed directly or collaterally."[8] Based on this conclusion, we held that "[b]ecause Wisconsin law did not extend to Pananen the right to court-appointed counsel for his first DWI offense, Pananen's first Wisconsin conviction should not have been relied upon by the district court as a basis for determining the applicable mandatory minimum sentence."[9]

In *Peel*, we addressed whether a prior driving while intoxicated conviction, obtained where the defendant had been denied the right to a jury trial, could be used to support a mandatory minimum sentence under Alaska law for driving while intoxicated. Peel had been denied a jury trial because Louisiana law did not permit a jury trial for the offense.[10] The trial court decided that the Louisiana conviction could not be used to trigger a mandatory minimum sentence.[11] The State attempted to distinguish *Pananen* by arguing that the right to a jury trial was not as critical as the right to counsel. We relied on *Baker v. City of Fairbanks*[12] and *O'Donnell v. Municipality of Anchorage,*[13] Alaska decisions that equated the right to counsel and the right to a jury trial, and upheld the trial court's decision not to use the Louisiana driving while intoxicated conviction to trigger the mandatory minimum sentencing provisions.[14]

Simpson's case is distinguishable. In both *Pananen* and *Peel*, state law categorically denied the defendant the right to a jury trial or court-appointed counsel. But Simpson had counsel in both Montana cases. In addition, the Montana court had informed Simpson of his trial date and had told him that his trial would proceed, without a jury, if he did not appear. Thus, Simpson had the

---

3. 843 P.2d 1249 (Alaska App.1992).

4. 711 P.2d 528 (Alaska App.1985).

5. *See Pananen*, 711 P.2d at 529.

6. *Id.*

7. *Id.* at 530 ("Under Wisconsin law, a first-offense DWI is treated as a civil forfeiture, not as a crime. The offense is not punishable by imprisonment.... Accordingly, an indigent person charged with a first-offense DWI in Wisconsin is not entitled to court-appointed counsel.").

8. *Id.* at 532.

9. *Id.*

10. *Peel*, 843 P.2d at 1250.

11. *Id.*

12. 471 P.2d 386 (Alaska 1970).

13. 642 P.2d 835, 836 n. 2 (Alaska App.1982).

14. *Peel*, 843 P.2d at 1251.

absolute right to a jury trial if he appeared. And in both cases, the Montana judgment reflects that a jury was available for Simpson's trial.

Although Montana afforded Simpson the right to a jury trial, the Montana Constitution provides that a defendant may be tried without a jury if the defendant does not appear.[15] And Montana statutory law provides that if a defendant does not appear for a scheduled trial, the court may "proceed with the trial after finding that the defendant had knowledge of the trial date and is voluntarily absent."[16] The record shows that Simpson, who was represented by counsel, and who had been warned that the trial would proceed without a jury if he did not appear for trial, failed to appear for both trials. The court found in each case that he had notice of the trial date, and elected to discharge the jury and proceed with trial, a procedure that was permitted by Montana law and, as the Montana judgments reflect, had been explained to Simpson by the judge. The court implicitly found that Simpson's failure to appear was voluntary. We conclude that Simpson, by his conduct, waived his right to a jury trial.

■ Simpson also claims that his Montana convictions cannot be used as predicate convictions for felony DWI because he was tried *in absentia*. Simpson maintains that a defendant has a fundamental right to be present at all stages of the proceedings and that this right is implemented procedurally in Alaska by Criminal Rule 38. Simpson argues that Criminal Rule 38(b) permits a trial to proceed with the defendant absent only when the defendant was "initially present."

But Criminal Rule 38(c)(2) allows a defendant, by written consent, to waive his or her appearance at "arraignment, plea, trial, and imposition of sentence" in a misdemeanor case. Even though our criminal rules permit an entire trial to proceed without the defendant's presence, Simpson argues that his conduct in failing to appear at his Montana trials should not operate as a waiver of his right to be present at trial. But in *Gottschalk v. State*,[17] the Alaska Supreme Court concluded that a defendant's conduct in failing to retain counsel in the months that lapsed between his mistrial and retrial constituted a waiver.[18] And waiver by conduct underlies Criminal Rule 38(b)(1), because that rule provides that a trial may continue when a defendant is absent voluntarily after the trial commenced. Thus, we conclude that the Montana court's reliance on Simpson's conduct to establish his waiver of his right to be present at trial satisfies Alaska's concepts of due process such that the convictions obtained *in absentia* can be used as prior convictions for purposes of charging Simpson with felony DWI.

Therefore, we conclude that due process was not violated, and we reinstate Simpson's indictment. The State can rely on Simpson's Montana convictions as qualifying convictions to charge felony DWI.

## Conclusion

The decision of the superior court is REVERSED. The indictment is reinstated, and this case is remanded to the superior court for further proceedings on the indictment.

**15.** Montana Constitution, Article II, § 26; *State v. Kempin*, 308 Mont. 17, 38 P.3d 859, 863 (2001).

**16.** Montana Statute 46–16–122(2)(d).

**17.** 602 P.2d 448 (Alaska 1979), *cert. denied*, 447 U.S. 920, 100 S.Ct. 3010, 65 L.Ed.2d 1112 (1980).

**18.** *Id.* at 451.