NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JEFFREY L. BROWN,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11666
Trial Court No. 3PA-13-378 CR

O P I N I O N

No. 2605 — June 22, 2018

Appeal from the Superior Court, Third Judicial District, Palmer, Vanessa H. White, Judge.

Appearances: Ariel J. Toft, Assistant Public Defender, Palmer, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards and Jahna Lindemuth, Attorneys General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge MANNHEIMER.

A person's criminal conviction in another state counts as a "prior felony conviction" for purposes of Alaska's presumptive sentencing laws if the elements of the out-of-state offense are similar to the elements of a felony defined by Alaska law (as determined at the time the prior offense was committed). *See* AS 12.55.145(a)(1)(B). The question presented in this appeal is whether the Montana offense of felony driving

under the influence is sufficiently similar to the Alaska version of felony DUI to qualify as a "prior felony conviction".

The defendant in this case, Jeffrey L. Brown, pleaded guilty to a felony (third-degree weapons misconduct). Brown had one prior conviction — a felony DUI conviction from Montana. At Brown's sentencing, the parties disagreed as to whether this Montana conviction should be counted as a "prior felony conviction" under AS 12.55.145(a)(1)(B).

If the Montana DUI conviction met the statutory test for a "prior felony conviction", then the superior court was required to sentence Brown as a second felony offender for purposes of Alaska's presumptive sentencing laws. But if the Montana conviction did not meet the statutory test, then Brown was only a first felony offender, and he faced a lower presumptive sentencing range.

The superior court ultimately ruled that Brown's Montana DUI conviction met the statutory test for a "prior felony conviction", and the court therefore sentenced Brown as a second felony offender. Brown now appeals this ruling.

At first glance, the question confronting this Court is whether the elements of felony DUI under Montana law were sufficiently similar to the elements of felony DUI under Alaska law in 2001, when Brown committed his Montana offense. But in Brown's case, the answer to this question ultimately hinges on the answer to a more specific question: When AS 12.55.145(a)(1)(B) speaks of the "elements" of an out-of-state offense, does the statute use the term "elements" in the strict sense of "facts that must be proved to the finder of fact beyond a reasonable doubt", or does the statute use the term "elements" in a more expansive sense?

In Alaska, when a defendant is prosecuted for felony DUI, the defendant's prior DUI convictions are elements of the offense in the strict sense: the convictions must be proved to the trier of fact beyond a reasonable doubt. *See Ross v. State*, 950

P.2d 587, 590 (Alaska App. 1997); *Ostlund v. State*, 51 P.3d 938, 941 (Alaska App. 2002).

In Montana, on the other hand, a defendant's prior convictions are not elements of felony DUI in this strict sense. Instead, at the defendant's trial, the finder of fact decides only whether the defendant committed DUI on the occasion in question. A defendant has no right to jury trial regarding their prior convictions. *See State v. Weldele*, 69 P.3d 1162, 1171-72 (Mont. 2003). If the defendant is found guilty at trial, and if the sentencing court finds that the defendant has certain types of prior convictions, those prior convictions authorize the court to enhance the defendant's sentence to felony levels. [1]

About a third of the states have DUI sentencing schemes that mirror Montana's approach. [2] This legal framework is constitutional because the right to jury trial announced in *Apprendi v. New Jersey* and *Blakely v. Washington* does not apply

---

[1]  *See* Montana Code §§ 61-8-401, 61-8-714, and 61-8-731 (2001 versions).

[2]  *See Altherr v. State*, 911 So.2d 1105, 1111, 1114 (Ala. Crim. App. 2004); *People v. Casillas*, 111 Cal.Rptr.2d 651, 655 (Cal. App. 2001); *Talley v. State*, unpublished, 2003 WL 23104202 at *2 (Del. 2003); *State v. Farfan-Galvan*, 389 P.3d 155, 160 n. 5 (Idaho 2016); *People v. Braman*, 765 N.E.2d 500, 502-04 (Ill. App. 2002); *State v. Kendall*, 58 P.3d 660, 668 (Kan. 2002); *Commonwealth v. Ramsey*, 920 S.W.2d 526, 528 (Ky. 1996); *People v. Callon*, 662 N.W.2d 501, 508 (Mich. App. 2003); *State v. Rattles*, 450 S.W.3d 470, 473 (Mo. App. 2014); *State v. Huff*, 802 N.W.2d 77, 102 (Neb. 2011); *Ronning v. State*, 992 P.2d 260, 261 n. 3 (Nev. 2000); *State v. Thompson*, 58 A.3d 661, 663-65 (N.H. 2012); *State v. Bullcoming*, 189 P.3d 679, 686-87 (N.M. App. 2008); *State v. Wideman*, 556 N.W.2d 737, 743 (Wis. 1996); *Derrera v. State*, 327 P.3d 107, 110 (Wyo. 2014). *Cf. People v. Martinez*, 128 P.3d 291, 294 (Colo. App. 2005) (holding that a defendant has no right to jury trial when the court determines whether the defendant has prior convictions that raise the sentence to a felony level).

when the factor that elevates a defendant's crime or sentence is a prior criminal conviction. [3]

To sum up our discussion thus far: Under the law of Montana and these other states, the things that must be proved to justify a felony-level sentence for DUI — *i.e.*, the commission of a current DUI, plus qualifying prior convictions — are basically the same things that must be proved to justify a felony-level DUI conviction in Alaska. (In fact, Montana law is arguably stricter: Montana generally does not impose a felony-level sentence for DUI until a defendant has *three* prior convictions — not the two prior convictions required under Alaska law. [4]) But Montana and the other states listed in footnote 2 do not consider a defendant's prior convictions to be "elements" of the crime in the strict sense. As a result, defendants in these states are not entitled to a jury trial on the issue of whether they have prior convictions.

Thus, the real question presented in this appeal is whether the definition of "prior felony conviction" codified in AS 12.55.145(a)(1)(B) excludes felony DUI convictions from states like Montana — states where the question of whether the defendant has prior convictions is litigated to the sentencing judge rather than to the jury.

Brown argues that AS 12.55.145(a)(1)(B) should be interpreted to exclude felony DUI convictions from Montana and these other states. In support of this argument, Brown relies on this Court's decision in *State v. Peel*, 843 P.2d 1249 (Alaska App. 1992). The question in *Peel* was whether a defendant's prior conviction for misdemeanor DUI in Louisiana should be counted as a prior conviction for purposes of

---

[3]    *Apprendi v. New Jersey*, 530 U.S. 466, 490; 120 S.Ct. 2348, 2362-63; 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 301-04; 124 S.Ct. 2531, 2537-38; 159 L.Ed.2d 403 (2004).

[4]    Compare the 2001 version of Montana Code § 61-8-731 with the 2001 version of AS 28.35.030(n).

enhancing the defendant's Alaska sentence. This Court held that, because Louisiana law did not give misdemeanor DUI defendants the right to a jury trial, the defendant's prior misdemeanor DUI conviction from Louisiana could not be counted as a prior DUI conviction in Alaska. *Peel*, 843 P.2d at 1250-51.

Brown argues that our interpretation of AS 12.55.145(a)(1)(B) should be guided by our decision in *Peel*. He contends that Alaska should not recognize an out-of-state conviction unless, in that other state, a defendant's right to jury trial is co-extensive with the right to jury trial granted by Alaska law.

But the situation presented in *Peel* is not equivalent to the situation presented in Brown's case. The defendant in *Peel* faced a higher penalty for his Alaska DUI conviction because of his prior conviction for misdemeanor DUI in Louisiana — a conviction that was based on a judge's verdict rather than a jury's, because misdemeanor defendants in Louisiana had no right to be tried by jury. In *Peel*, we concluded that the Louisiana judge's finding that Peel had committed DUI "[was] simply too unreliable to be depended on". *Peel*, 843 P.2d at 1251.

In Brown's case, on the other hand, his Montana DUI conviction was based on a *jury's* finding that he committed DUI. It is true that Brown's sentencing judge elevated Brown's *sentence* for this offense based on Brown's prior DUI convictions — but Brown's prior DUI convictions were likewise based on jury findings that Brown was guilty of DUI (or those convictions were entered after Brown waived his right to jury trial). [5]

Because Brown had the right to be tried by jury for all of his prior Montana crimes, we do not face the same problem as in *Peel*: there is no reason to believe that any of the Montana findings of criminality are "too unreliable to be depended on".

---

[5] *See State v. Meyer*, 396 P.3d 1265, 1268-69 (Mont. 2017); *State v. Weldele*, 69 P.3d 1162, 1171-72 (Mont. 2003).

Montana law differs from Alaska law when it comes to the question of whether a DUI defendant does, in fact, have prior convictions: in Montana, the sentencing judge decides this issue. [6] But even under Alaska law, where a defendant can demand a jury trial on this issue, the defendant's right to challenge the prior convictions is fairly limited.

In *Brockway v. State*, 37 P.3d 427, 429-430 (Alaska App. 2001), this Court held that a defendant generally has no right to collaterally attack their prior convictions when the defendant is prosecuted for a new crime, even if the defendant's sentence for the new crime will be enhanced on account of those prior convictions. See also *Brodigan v. State*, 95 P.3d 940, 943-44 (Alaska App. 2004), where we held that a defendant's prior DUI convictions are presumed to be valid — so that even when a defendant asserts that there was a constitutional flaw in the statute under which they were convicted, it is the defendant's burden to present some affirmative evidence that, given the facts of their case, their prior conviction was indeed affected by this alleged constitutional infirmity.

AS 12.55.145(c) lists a few narrow grounds on which a defendant can challenge their prior convictions. For example, a defendant is allowed to challenge the authenticity of the prior judgement of conviction, or to deny that they are the person named in that judgement, or to challenge whether their prior conviction occurred during the pertinent "look-back" period.

Because felony DUI defendants have only a circumscribed ability to challenge their prior convictions, we have seen very few cases in which a felony DUI defendant has actually insisted on their right to jury trial on this issue. More commonly, a felony DUI defendant will invoke their right to a bifurcated trial under *Ostlund v.*

---

[6] *State v. Damon*, 119 P.3d 1194, 1197, 1201 (Mont. 2005).

*State*,[7] so that the jury never hears about the prior convictions unless the jury finds the defendant guilty of the current DUI charge. Even then, a DUI defendant will often stipulate that they have the prior convictions, or the defendant will waive their further right to a jury trial and agree to have the judge make this determination.

Thus, even though a defendant's prior convictions are an element of felony DUI (in the strict sense) under Alaska law, there appears to be very little practical difference between the way felony DUI charges are normally litigated in Alaska and the way felony DUI charges are litigated in Montana and the other states listed in footnote 2.

We acknowledge that, in some contexts, the difference between Alaska law and Montana law might be crucial. But our task in the present case is to assess the significance of this difference *as a general matter*, in light of the definition of "prior felony conviction" found in AS 12.55.145(a)(1)(B).

The fact that, in Alaska, a defendant's prior convictions are normally not litigated to the jury, even though felony DUI defendants have a right to jury trial on this element, suggests that our legislature did not intend AS 12.55.145(a)(1)(B) to exclude felony DUI convictions from Montana and all the other states listed in footnote 2, where a defendant's prior convictions are, by law, litigated to the sentencing judge.

This conclusion is bolstered by the Alaska Supreme Court's decision in *State v. Smart*, 202 P.3d 1130 (Alaska 2009). The question litigated in *Smart* was whether the right to jury trial announced in *Apprendi v. New Jersey* and *Blakely v. Washington* should be applied retroactively — in other words, whether criminal defendants who were convicted and sentenced before *Apprendi* and *Blakely* were decided

---

[7] 51 P.3d 938, 941-42 (Alaska App. 2002).

could collaterally attack their convictions or sentences based on the fact that they did not receive a jury trial on aggravating factors as required by *Apprendi* or *Blakely*.

In resolving this issue, our supreme court considered whether the requirement of a jury trial was intended to ensure the fundamental fairness of the judicial proceedings — or, phrased another way, whether it was fundamentally unfair to have a judge decide these issues rather than a jury. [8] The supreme court concluded that the answer to this question was "no":

> The [United States] Supreme Court, in *Schriro v. Summerlin*, has already [held] that judicial fact-finding, instead of jury fact-finding, does not "so *seriously* diminish accuracy as to produce an impermissibly large risk of injustice." We think the Court's analysis is persuasive on this point. In *Summerlin*, ... the Court concluded that the evidence of whether judges or juries were better fact-finders was too equivocal to conclude that judges were less accurate fact-finders or to hold that "judicial factfinding so *seriously* diminishes accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." ... We think it is highly likely that the [U.S. Supreme] Court would reach the same conclusion if it were deciding whether the jury fact-finding rule of *Blakely* is fully retroactive. We therefore conclude that judicial fact-finding instead of jury fact-finding does not substantially impair the truth-finding function of the criminal trial and does not raise serious questions about the accuracy of fact-finding ... .

*Smart*, 202 P.3d at 1142-43 (emphasis in the original text of *Schriro v. Summerlin*).

The supreme court's resolution of this point in *Smart* obviously casts doubt on this Court's decision in *Peel* — in particular, our conclusion that, unless a defendant

---

[8]    *Smart*, 202 P.3d at 1142-43.

has the right to demand a trial by jury, any verdict in a bench trial is "simply too unreliable to be depended on". But even assuming that *Peel* remains good law with respect to out-of-state *findings of guilt*, we will not extend *Peel* to out-of-state findings that a defendant has prior convictions.

Based on our supreme court's discussion in *Smart*, and based on our conclusion that the Alaska legislature probably did not intend to exclude prior felony DUI convictions from a third of our sister states, we now hold that a felony DUI conviction from Montana is a "prior felony conviction" for purposes of AS 12.55.-145(a)(1)(B). More specifically, we hold that the elements of felony DUI as defined under Montana law are sufficiently similar to the elements of felony DUI as defined in Alaska, even though, in Montana, a defendant has no right to demand a jury trial on the question of their prior convictions.

Accordingly, we AFFIRM the superior court's decision to sentence Brown as a second felony offender.